■ Samantha Foote et al., Appellants, v Anil P. Rajadhyax, Respondent. [702 NYS2d 153] —Mugglin, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered November 18, 1998 in Schenectady County, upon a verdict rendered in favor of defendant.

Following the performance of a root canal, plaintiff Samantha Foote (hereinafter plaintiff) experienced numbness in her jaw, later diagnosed as an injured mandibular nerve resulting in permanent paresthesia. In this dental malpractice action two causes of action were alleged, one for negligence and one for lack of informed consent. Supreme Court's verdict sheet asked a series of questions dealing with both causes of action. The first question of the verdict sheet required the jury to determine whether defendant overinstrumented plaintiff's tooth No. 31 during the root canal procedure. The instructions following question 1 directed the jury to proceed no further and report to the court if they answered question 1 in the negative, which, in fact, occurred.

The problem with the verdict sheet is that overinstrumentation occurs only if the dentist is negligent in the performance of the root canal procedure. However, plaintiff need not establish negligence in the performance of the procedure to recover pursuant to a lack of informed consent cause of action (see, Jolly v Russell, 203 AD2d 527, 528-529; Garone v Roberts' Tech. & Trade School, 47 AD2d 306, 312).

To establish a cause of action for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury (see, Public Health Law § 2805-d [1], [3]; Iazzetta v Vicenzi, 200 AD2d 209, 213, appeal dismissed 85 NY2d 857; Marchione v State of New York, 194 AD2d 851, 853-854). Since, normally, lack of informed consent does not itself cause the injury, the causation issue is whether the operation, treatment or proce-

dure is a proximate cause of the injury or condition complained of (*see, Marchione v State of New York, supra*).

An examination of the record in this case reveals that there is conflicting expert opinion testimony concerning each of the elements of the lack of informed consent cause of action. Specifically, the experts disagreed whether, given the proximity of the mandibular nerve to the area where the root canal was to be performed in tooth No. 31, the patient should be advised that permanent paresthesia might result; the experts further disagreed whether the standard of care required that plaintiff be informed that she could be referred to an endodontist, and whether she was informed concerning the alternative procedure of extraction. There does not appear to be a dispute that the injury was suffered during the dental procedure, either as plaintiff argues from the root canal procedure itself or, as defendant's experts opined, from the administration of the anesthetic.

Since the jury was prevented from considering these issues, we reverse the judgment to the extent of granting the plaintiff a new trial with respect to the cause of action based upon lack of informed consent.

Peters, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiffs, by reversing so much thereof as dismissed the cause of action in the complaint based upon lack of informed consent; matter remitted to the Supreme Court for a new trial on said cause of action; and, as so modified, affirmed.