■ CHRISTOPHER SANTILLI et al., Respondents, v CHP, INC., et al., Appellants. [711 NYS2d 249] —Graffeo, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 21, 1999 in Schenectady County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs Christopher Santilli (hereinafter plaintiff) and his

wife, derivatively, commenced this action alleging injury due to a lack of informed consent after plaintiff suffered complications relating to a vasectomy performed in April 1995 by defendant Donald Rivard, a surgeon employed by defendant CHP, Inc. Plaintiff was referred to Rivard after he discussed his interest in undergoing the elective surgery with his primary care physician, defendant Paul Lemanski, an internist also employed by CHP. In his deposition, Lemanski indicated that he advised plaintiff that potential side effects included postoperative bleeding, swelling and infection. He stated that he gave plaintiff an article on the possible link between the procedure and an increased risk of prostate cancer, but that he specifically refrained from discussing long-term consequences associated with the surgery, deeming himself unqualified to do so.

Rivard, who met with plaintiff for approximately 20 minutes immediately prior to performing the outpatient surgery, assumed Lemanski had addressed the risks. According to plaintiff, Rivard described the procedure but did not disclose possible side effects or consequences. Testifying that he did not remember his particular conversation with plaintiff, Rivard contended that his usual practice is to advise the patient of the common complications following the procedure, which include temporary swelling, bleeding and discomfort. It is undisputed that beyond the potential increased risk of developing prostate cancer, neither physician advised plaintiff of other possible permanent consequences of the surgery.

Plaintiff began to suffer from swelling and extreme pain the evening of the surgery and these symptoms continued for several weeks, during which time plaintiff consulted with Rivard, Lemanski, another urologist and a urinary surgeon, and visited two hospitals in an effort to find relief from his symptoms. Eventually, plaintiff was diagnosed with a scrotal hematoma which necessitated a procedure to drain fluid in order to reduce the swelling. More than a year after the vasectomy, the urinary surgeon diagnosed plaintiff's condition as "persistent right paratesticular discomfort which is likely secondary to chronic epididymitis, perhaps secondary to the previous vasectomy and/or hematoma". At the time of his deposition, plaintiff maintained that he continued to experience chronic pain in his right testicle and painful ejaculation.

After the parties engaged in substantial discovery, defendants moved for summary judgment dismissing the complaint, asserting that in 1995 persistent testicular pain and painful ejaculation were not foreseeable risks of the surgery, that plaintiff's symptoms were caused by a hematoma which

developed postsurgery and that plaintiff failed to demonstrate that he would have foregone the procedure had he been properly informed of all alleged risks. Plaintiffs cross-moved for partial summary judgment on the issue of liability, asserting through the affidavit of a physician that the permanent side effects plaintiff suffered, which the physician characterized as "post-vasectomy pain syndrome" or "chronic pain syndrome", were known risks associated with a vasectomy at the time of plaintiff's surgery, that a reasonable physician would have informed plaintiff of these risks and that plaintiff's side effects were a direct result of the procedure. In addition, plaintiff submitted an affidavit in which he averred that he would not have had the elective surgery had he known of the possibility of these permanent side effects. Supreme Court denied both motions, finding that issues of fact precluded summary judgment. Defendants appeal and we affirm.

To prevail on a cause of action for malpractice based on lack of informed consent, a plaintiff must establish that (1) the defendant failed to disclose the reasonably foreseeable risks associated with the treatment or procedure and/or alternatives thereto that a reasonable practitioner would have disclosed under the circumstances, (2) a reasonable, fully informed person in the plaintiff's position would not have undergone the treatment or procedure, and (3) the lack of informed consent is a proximate cause of the injury or condition which, in actuality, is satisfied by demonstration that the treatment or procedure was a proximate cause of the injury or condition (*see, Foote v Rajadhyax*, 268 AD2d 745; *King v Jordan*, 265 AD2d 619, 620; *see also*, Public Health Law § 2805-d). Even if we assume that defendants satisfied their burden of demonstrating prima facie entitlement to summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557), it is evident that plaintiffs' submissions were sufficient to meet their burden of establishing the existence of genuine questions of fact, thereby defeating defendants' motion for summary judgment (*see, Lowery v Hise*, 202 AD2d 948; *cf., Foote v Rajadhyax, supra*).

Both sides submitted the affidavits of nonparty physicians as expert witnesses who offered differing opinions on several of the central issues of this case, namely whether the side effects from which plaintiff allegedly suffers were known risks associated with the procedure at the time of the surgery and whether the surgery itself was the proximate cause of plaintiff's current condition. Moreover, plaintiff's specific assertion that he would not have undergone the elective surgery had he been informed of the possible permanent side effects was sufficient to rebut

defendants' contention that the information would have had no impact on plaintiff's decision, raising a question of fact for the jury on the second element of the cause of action (*cf., Iazzetta v Vicenzi*, 200 AD2d 209, 213, *lv dismissed* 85 NY2d 857). As to the third element, whether linked to the hematoma as defendants claim or a direct result of the surgery itself as plaintiff asserts, there appears to be no real dispute that but for the procedure, plaintiff would not have suffered the injury and, thus, plaintiffs' burden to demonstrate prima facie evidence of causation has been met (*see, Foote v Rajadhyax, supra*, at 746).

Crew III, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.