■ KIMBERLY AMODIO, Appellant, v FRED J. WOLPERT, Respondent. [861 NYS2d 799]—

Malone Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 6, 2007 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On July 6, 2004, plaintiff sought dental treatment from defendant for a toothache. Defendant determined that the tooth in question needed a root canal and he began performing this procedure at that time. Plaintiff continued to experience pain, as well as numbness in her lips and chin following this visit. She returned to defendant a number of times thereafter and he was finally able to complete the root canal on July 26, 2004. Plaintiff, however, sustained nerve damage and permanent numbness or paresthesia to a portion of her face following the procedure. As a result, she commenced this dental malpractice action asserting claims for negligent treatment and lack of informed consent. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, resulting in this appeal.

As the proponent of a motion for summary judgment in this dental malpractice action, defendant bore the initial burden of establishing that there was no departure from accepted standards of practice or that plaintiff was not injured thereby (*see Terranova v Finklea*, 45 AD3d 572, 572 [2007]; *Starr v Rogers*, 44 AD3d 646, 648 [2007]; *Thompson v Orner*, 36 AD3d 791, 792 [2007]). He did so by submitting his own affidavit in which he set forth in detail the course of his treatment of plaintiff, including his taking of an X ray prior to the procedure, the technique he employed in performing the root canal, the problems experienced by plaintiff during the procedure, his consultation with an oral surgeon regarding these problems and his assessment of the cause of the problems, which he attributed to an infection or possibly the injection of the anesthesia, rather than nerve damage caused by the root canal. Defendant further opined, based upon his professional expertise, that there was no deviation from accepted standards of care with respect to the manner in which he conducted the procedure, or his failure to inform plaintiff of the risks associated with it. Inasmuch as his affidavit was " 'detailed, specific and factual in nature and [did] not assert in simple conclusory form that [defendant] acted within accepted standards of [dental] care' " (*Suib v Keller*, 6 AD3d 805, 806 [2004], quoting *Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755 [2001]), it was sufficient to establish defendant's prima facie entitlement to summary judgment (*see*

*Juba v Bachman*, 255 AD2d 492, 493 [1998], *lv denied* 93 NY2d 809 [1999]).

In response, plaintiff submitted the affidavit of a dental expert who stated in summary fashion that defendant deviated from accepted standards of dental care, but did not explain the manner in which such alleged deviations occurred under the facts presented or the nexus between such alleged deviations and plaintiff's injuries. Inasmuch as such generalized and conclusory affidavit was insufficient to rebut defendant's showing (*see Snyder v Simon*, 49 AD3d 954, 956 [2008]), summary judgment was properly granted dismissing plaintiff's malpractice cause of action based upon negligent treatment.

As for plaintiff's malpractice cause of action based upon the lack of informed consent, there must be proof, among other things, that "the lack of informed consent is a proximate cause of the injury or condition which, in actuality, is satisfied by demonstration that the treatment or procedure was a proximate cause of the injury or condition" (*Santilli v CHP, Inc.*, 274 AD2d 905, 907 [2000]; *Foote v Rajadhyax*, 268 AD2d 745, 745-746 [2000]). While defendant admittedly did not discuss the risks of root canal therapy with plaintiff prior to the procedure or have her sign an informed consent form, there is no evidence that such omission was the proximate cause of plaintiff's injuries. Defendant opined in his affidavit that plaintiff's injuries were due to infection or possibly the anesthetic injection and plaintiff's expert did not provide any opinion at all with respect to causation. In view of this, Supreme Court also properly dismissed plaintiff's malpractice cause of action based upon the lack of informed consent (*see Thompson v Orner*, 36 AD3d at 792-793).

Cardona, P.J., Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.