■ KATHLEEN M. COLE et al., Respondents-Appellants, v MICHAEL TISCHLER, Individually and Doing Business as TISCHLER FAMILY DENTAL CENTER, et al., Appellants-Respondents. [893 NYS2d 303]—

McCarthy, J.

On March 20, 2006, defendant Michael Tischler performed a bilateral sinus lift and bone graft procedure on plaintiff Kathleen M. Cole (hereinafter plaintiff) to prepare her to receive dental implants. Plaintiff thereafter developed a staph infection which defendant attempted to treat with antibiotics pursuant to a standard protocol. Although there was some response to the treatment, the infection did not resolve. Approximately six weeks after the surgery, plaintiff was hospitalized with osteomyelitis, ultimately requiring removal of the bone graft on one side.

Thereafter, plaintiff and her husband, derivatively, com-

menced this action alleging dental malpractice and lack of informed consent. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Defendants submitted the deposition testimony of both parties, the medical records for plaintiff, defendant's affidavit and the affidavit of Carl Misch, a board certified and licensed dentist with extensive experience in dental implants. In opposition, plaintiffs submitted plaintiff's affidavit and an affidavit from Alexander Corsair, a licensed periodontist with experience in dental implants. Supreme Court granted the motion as to the informed consent claim and denied the motion with respect to the malpractice claim. The parties cross-appeal and we affirm.

Plaintiffs' claim based on a lack of informed consent requires a showing that (1) defendant failed to disclose to plaintiff such alternatives and reasonably foreseeable risks and benefits to the procedure that a reasonable dental practitioner would disclose in similar circumstances to permit a knowledgeable evaluation, (2) a reasonably prudent patient would not undergo the treatment if fully informed, and (3) the lack of informed consent was a proximate cause of plaintiff's injury (*see* Public Health Law § 2805-d [1], [3]; *Foote v Rajadhyax*, 268 AD2d 745, 745 [2000]). Plaintiff, a nursing student at the time of the procedure, executed consent forms acknowledging her consideration of alternative procedures and her acceptance of the risks, including the risks of infection and graft rejection, attendant to the procedure. She attended defendant's seminar on dental implants, repeatedly consulted with defendant and admitted that she read and understood the consent forms. Plaintiff also obtained a second opinion from another dentist specializing in dental implants who advised her that she was a good candidate for dental implants. Plaintiff claims that defendant misrepresented the risk of the procedure by equating it with the risk associated with a tooth extraction; however, no proof was submitted on the relative risks to support plaintiff's claim. To the extent that plaintiff's affidavit contradicts her deposition testimony regarding her informed consent, it fails to raise an issue of fact (*see Valenti v Exxon Mobil Corp.*, 50 AD3d 1382, 1384 [2008]). Finally, conclusory statements in Corsair's affidavit regarding defendant's failure to provide informed consent find no support in the record and are insufficient to defeat summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Snyder v Simon*, 49 AD3d 954, 956 [2008]). Accordingly, Supreme Court properly dismissed the lack of informed consent claim.

On the malpractice claim, defendants met their " 'initial burden of establishing that there was no departure from ac-

cepted standards of practice or that plaintiff was not injured thereby' " (*Menard v Feinberg*, 60 AD3d 1135, 1136-1137 [2009], quoting *Amodio v Wolpert*, 52 AD3d 1078, 1079-1080 [2008]), shifting the burden to plaintiffs to submit competent proof of a departure from accepted dental practices resulting in plaintiff's injury (*see Menard v Feinberg*, 60 AD3d at 1137). Corsair opined that defendant failed to adequately diagnose and treat the infection by not obtaining a culture sample after an extended and unsuccessful course of antibiotic treatment. Plaintiff's staph infection resolved only after a culture sample taken at the hospital identified an appropriate antibiotic treatment. Therefore, a triable issue of fact exists as to whether defendant's failure to obtain a culture sample departed from accepted standards of practice and prolonged or exacerbated plaintiff's infection.

Finally, plaintiffs' claim in their appellate brief that plaintiff is entitled to a refund is not properly before this Court.

Rose, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.