■ MICHELL SCHILLING, Individually and as Parent and Guardian of JORDAN HOWARD, an Infant, Respondent, v ELLIS HOSPITAL et al., Appellants. [906 NYS2d 187]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kramer, J.), entered January 29, 2010 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

In March 2006, plaintiff's son, Jordan Howard (born 1991), was admitted to the psychiatric unit of defendant Ellis Hospital, located in the City of Schenectady, Schenectady County, due to manic behavior associated with his bipolar mania. During his eight-day stay at Ellis, Howard was treated by defendant Pankaj

J. Mehta, a psychiatrist, who, among other things, increased Howard's dosage of Risperdal, a psychotropic drug. Howard's treating psychiatrist, Pradeen Marballi, had previously prescribed Risperdal for Howard, and Howard had been taking it since 2004 in dosages varying from one to six milligrams. At the time he was admitted to Ellis, Howard was taking two milligrams per day, which Mehta gradually increased over a period of four days to eight milligrams per day. After Howard was released, Marballi maintained the eight-milligram dosage until late June 2006, at which time he ceased prescribing Risperdal after diagnosing Howard with gynecomastia, or enlargement of the breasts, which Marballi concluded would have to be treated with plastic surgery.

Plaintiff thereafter commenced this action against Ellis and Mehta alleging malpractice in connection with the increased dosage of Risperdal prescribed during Howard's stay at Ellis, which plaintiff claims caused Howard's gynecomastia. Following discovery, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed and, after oral arguments on the motion, Supreme Court denied the motion for summary judgment. Defendants appeal.

Plaintiff's contentions that defendants failed to properly inform her that gynecomastia was a possible side effect of Risperdal before administering a higher dosage and that the increase caused Howard to develop that condition, including her arguments that are alleged in terms of medical malpractice, sound in lack of informed consent. To establish that claim, plaintiff must prove that (1) defendants failed to disclose alternatives and reasonably foreseeable risks and benefits to the treatment in question, such as a reasonable medical practitioner would have disclosed under the circumstances; (2) a reasonably prudent patient in Howard's position would not undergo the treatment if fully informed; and (3) the lack of informed consent is a proximate cause of the injury (see Public Health Law § 2805-d [1], [3]; Cole v Tischler, 68 AD3d 1595, 1596 [2009]; Foote v Rajadhyax, 268 AD2d 745, 745 [2000]).

In support of their motion for summary judgment dismissing the complaint, defendants submitted Mehta's affidavit where, as relevant to the first element of the test, he opined with a reasonable degree of medical certainty that, given the low risk of gynecomastia and the fact that Howard had been taking Risperdal—apparently without serious side effects—for many months before being admitted to Ellis, it was not a deviation from the standard of care not to warn Howard about that rare side effect under the circumstances of his stay at Ellis. Defend-

ants also submitted plaintiff's deposition testimony wherein she stated that she had never seen gynecomastia listed as a possible side effect in any of the literature she reviewed on Risperdal, nor did Marballi ever mention it as a potential side effect.

Regarding the second element, Mehta opined that, given the benefits of Risperdal to someone who has had a manic episode significant enough to require hospitalization, a reasonably prudent patient in those circumstances would agree to take that medication despite being informed of the low risk of gynecomastia, which is a treatable, non-life-threatening condition. Finally, regarding causation, Mehta opined that given the short duration of time that Howard received an elevated dose of Risperdal at Ellis and considering that Marballi then continued the eight milligram dosage for at least seven weeks thereafter, the Risperdal that Howard received at Ellis could not be shown to have caused his gynecomastia. These submissions satisfied defendants' burden of showing entitlement to judgment as a matter of law.

In opposition, plaintiff demonstrated a factual issue on the first element of the test through the affidavit of a medical expert who opined that, given the information provided in the manufacturer's insert stating that dosages of more than six milligrams had not been found to be more effective than lower doses, and the fact that the safety and effectiveness of Risperdal had not been established at all in children, defendants should have warned plaintiff of all possible side effects. Next, plaintiff raised a fact question on the second element by asserting in her affidavit that if she had been fully informed of the side effects, she would not have consented to Howard receiving Risperdal (*see Santilli v CHP, Inc.*, 274 AD2d 905, 907-908 [2000]). And finally, plaintiff's expert's interpretation of Marballi's progress notes, which unequivocally state his conclusion that Howard "developed gynecomastia because of the high does of Risperdal," raised a fact issue on causation. Accordingly, we cannot say that Supreme Court erred in denying defendants' motion for summary judgment on plaintiff's lack of informed consent claim.

Peters, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.