■ Marilyn Hauss, Individually and as Executor of Arthur Hauss, Deceased, Respondent, v Community Care Physicians, P.C., et al., Appellants. [990 NYS2d 122]—

Rose, J. Appeal from an order of the Supreme Court (Breslin, J.), entered October 8, 2013 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Arthur Hauss (hereinafter decedent) became a patient of defendants in 2001 at the age of 74. In July 2007, he terminated his relationship with them and, shortly thereafter, he suffered a massive heart attack, was diagnosed with coronary artery dis-

---

ease and underwent bypass surgery. Decedent died in December 2008, and plaintiff commenced this action on November 27, 2009, alleging that defendants had committed medical malpractice by, among other things, failing to diagnose decedent's coronary artery disease. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the grounds that they had neither deviated from the standard of care nor caused any injury. In the alternative, defendants sought partial summary judgment dismissing the claims with respect to any alleged malpractice occurring prior to May 27, 2007 as time-barred. Supreme Court denied the motion, finding that issues of fact exist as to whether the continuous treatment doctrine applies and whether defendants committed malpractice. Defendants appeal.

We agree with defendants' contention that the continuous treatment doctrine does not apply here to toll the statute of limitations. While medical malpractice claims generally accrue at the time the malpractice is committed, the continuous treatment doctrine provides that "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint, that 'accrual' comes only at the end of the treatment" (*Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see* CPLR 214-a; *Nykorchuck v Henriques*, 78 NY2d 255, 258 [1991]). It is well settled, however, that "[a] patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of 'continuous treatment'" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *see Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002]; *Boyle v Fox*, 51 AD3d 1243, 1244 [2008], *lv denied* 11 NY3d 701 [2008]).

Here, decedent's medical records indicate that he visited defendants periodically for monitoring of his blood pressure and cholesterol levels, which were generally well-controlled, and otherwise only saw defendants for unrelated acute health issues. Plaintiff's expert agrees with defendant Michael Greenblatt, a member of defendant Community Care Physicians, P.C. who treated decedent, that high cholesterol and high blood pressure are risk factors for the potential development of coronary artery disease, rather than symptoms of the condition itself. As identified by both Greenblatt and plaintiff's expert, symptoms of coronary artery disease include chest pain, shortness of breath, nausea, an acute change in the ability to tolerate exercise and arm pain. There is simply no proof in this record that decedent was treated by defendants for any such symptoms

prior to June 2007. Rather, the allegation is that defendants failed to discover and treat decedent's coronary artery disease by failing to order appropriate testing or refer decedent to a specialist. These alleged omissions do not amount to the establishment of a "course of treatment" and, accordingly, the motion for partial summary judgment dismissing any claims prior to May 27, 2007 should have been granted (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.*, 91 NY2d at 296-297; *Dugan v Troy Pediatrics, LLP*, 105 AD3d 1188, 1190-1191 [2013]; *White v Murphy*, 277 AD2d 852, 854 [2000]).

Nevertheless, plaintiff adequately rebutted defendants' prima facie establishment of entitlement to summary judgment dismissing the complaint in its entirety. Plaintiff submitted a redacted affidavit from a physician board-certified in internal medicine with a subspecialty in cardiovascular disease who opined that, in light of decedent's risk factors for heart disease, defendants should have ordered a complete cardiac evaluation for decedent in July 2007 when he presented on two separate occasions with complaints including shortness of breath, achy arms and nausea, all potential symptoms of heart disease. The expert also opined that, had the appropriate testing been ordered in conformance with the applicable standard of care, it would have revealed evidence of underlying coronary artery disease at a time when appropriate action could have been taken to avoid the damage ultimately caused by decedent's heart attack. Viewing the evidence in a light most favorable to plaintiff, we find the expert affidavit sufficient to demonstrate the existence of triable issues as to whether defendants departed from the standard of care and whether any such departure proximately caused decedent injury (*see Longtemps v Oliva*, 110 AD3d 1316, 1318 [2013]; *Dugan v Troy Pediatrics*, 105 AD3d at 1191-1192; *Carter v Tana*, 68 AD3d 1577, 1579-1580 [2009]). Accordingly, Supreme Court appropriately denied the motion for summary judgment dismissing the complaint in its entirety.

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for partial summary judgment dismissing all claims arising prior to May 27, 2007 as barred by the statute of limitations; said motion granted and said claims dismissed; and, as so modified, affirmed.