*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 20, 2014          518531
_____

MARIA D. CONTO et al.,
                    Respondents,

        v

STEVEN M. LYNCH et al.,                MEMORANDUM AND ORDER
                    Appellants,
                    et al.,
                    Defendants.
_____

Calendar Date: October 17, 2014

Before: Stein, J.P., McCarthy, Garry and Devine, JJ.

                    _____


        Thorn Gershon Tymann & Bonanni, LLP, Albany (Mia D.
VanAuken of counsel), for appellants.

        Keith Schockmel, Albany, for respondents.

                    _____


Devine, J.

        Appeal from an order of the Supreme Court (Clark, J.),
entered June 3, 2013 in Schenectady County, which denied a motion
by defendants Steven M. Lynch and the Plastic Surgery Group, LLC
for summary judgment dismissing the complaint against them.

        Defendant Steven M. Lynch performed a bilateral breast
reduction and lift procedure and bilateral brachioplasty on
plaintiff Maria D. Conto (hereinafter plaintiff) and, within days
of the procedure, plaintiff complained of complications to her
left breast, including, but not limited to, severe blistering and
skin loss to the areola. Less than a year later, Lynch replaced
the saline implant from plaintiff's left breast and, during the
same procedure, performed a "saddlebag" procedure in which excess

tissue was excised from plaintiff's thighs.  However, due to plaintiff's continuing pain and other complications in her left breast, Lynch removed the implant.  Moreover, plaintiff complained that the thigh excision had disfigured the appearance of her thighs and, although Lynch scheduled an additional corrective procedure, plaintiff did not return to him for further medical treatment.  Plaintiff and her husband, derivatively, commenced this action alleging medical malpractice and lack of informed consent against, among others, Lynch and defendant Plastic Surgery Group, LLP (hereinafter collectively referred to as defendants), the partnership with which Lynch was professionally affiliated.  Defendants moved for summary judgment dismissing the complaint against them and Supreme Court denied the motion in its entirety.  Defendants now appeal.

Defendants had the initial burden of demonstrating that "there was no departure from accepted standards of practice or that plaintiff was not injured thereby" (Derusha v Sellig, 92 AD3d 1193, 1193 [2012] [internal quotation marks and citations omitted]; see Maki v Bassett Healthcare, 85 AD3d 1366, 1368 [2011], appeal dismissed 17 NY3d 855 [2011], lv dismissed and denied 18 NY3d 870 [2012]).  In his detailed affidavit, Lynch averred that, within a reasonable degree of medical certainty, the preoperative consultations with plaintiff, the surgical procedures performed on plaintiff and the follow-up care rendered to her fully comported with acceptable standards of medical care. Specifically, Lynch averred that he fully explained to plaintiff the inherent risks of the procedures that he performed and obtained signed informed consent documents prior to each surgery, while denying that he pressured plaintiff to undergo any particular surgical procedure.  As to the initial breast surgery, Lynch maintained that, within a reasonable degree of medical certainty, he performed the procedure competently and denied that the resulting infection was related to the implants.  He further asserted that plaintiff was given appropriate postoperative care and treatment.  Likewise, Lynch indicated that the manner in which the excision was performed on plaintiff's thighs comported with accepted standards of medical care and, further, that plaintiff was aware that she might need additional liposuction for "further contouring," but she ultimately failed to return to his office for such treatment.

We find, as Supreme Court did, that defendants' evidence established their prima facie entitlement to judgment as a matter of law, thereby shifting the burden to plaintiffs "'to establish, through competent expert medical opinion evidence, that there exists a triable issue of fact as to whether there was a deviation from the accepted standard of care'" that can be causally connected to the injuries sustained by plaintiff (Friedland v Vassar Bros. Med. Ctr., 119 AD3d 1183, 1187 [2014], quoting Helfer v Chapin, 96 AD3d 1270, 1272 [2012]; see Martino v Miller, 97 AD3d 1009, 1010 [2012]).  Defendants now insist that the complaint should have been dismissed as plaintiffs' medical expert failed to address certain claims raised in the complaint and, in addition, that the expert's opinion regarding defendants' purported deviations from accepted standards of medical care was wholly speculative and failed to demonstrate that defendants' allegedly negligent treatment of plaintiff was the proximate cause of her injuries.

Plaintiffs' expert, Richard Marfuggi, a board-certified plastic surgeon, opined in his affidavit that, with regard to plaintiff's initial breast surgery, Lynch's choice to combine the breast reduction procedure with the insertion of breast implants did not comport with generally accepted medical standards and that such combined procedure is reserved for "the rarest of cases."  Moreover, he stated that his review of all of the record evidence, including plaintiff's medical records and defendants' submissions, did not reveal any "functional reason" to simultaneously perform the discrete procedures and, further, that the likelihood of postoperative complications — such as the infection that occurred following plaintiff's breast surgery — is heightened where, as here, an implant is inserted during surgery. As to the thigh excision procedure, Marfuggi opined that such surgical approach deviated from generally accepted medical standards and that plaintiff was a candidate for "liposuction to reduce volume followed, as needed, by secondary skin contouring." He further averred that the deformed appearance of plaintiff's thighs was a "predictable result" of Lynch's use of the tissue excision.  Although Marfuggi's affidavit was particularly succinct on the causation element, it was sufficient to raise a material issue of fact regarding whether Lynch's treatment of plaintiff deviated from recognized standards of care, thereby

causing her injuries (see Longtemps v Oliva, 110 AD3d 1316, 1318 [2013]; Plourd v Sidoti, 69 AD3d 1038, 1039 [2010]; Carter v Tana, 68 AD3d 1577, 1580 [2009]).  Viewing the evidence in a light favorable to plaintiffs, we determine that the denial of defendants' summary judgment motion as to plaintiffs' medical malpractice claims was proper (see Hauss v Community Care Physicians, P.C., 119 AD3d 1037, 1039 [2014]; Doucett v Strominger, 112 AD3d 1030, 1033 [2013]; Dugan v Troy Pediatrics, LLP, 105 AD3d 1188, 1192 [2013]).

We reach the same conclusion regarding plaintiffs' lack of informed consent cause of action.  The proof in the record adduced by defendants meets their initial burden of demonstrating that they fully disclosed "the risks, benefits and alternatives" of plaintiff's surgeries that would have been explored by a reasonable plastic surgeon under the same circumstances, or that a similarly situated patient, "fully informed, would have elected . . . to undergo the procedure or treatment" (Rivera v Albany Med. Ctr. Hosp., 119 AD3d 1135, 1138 [2014] [internal quotation marks and citations omitted]; see Schilling v Ellis Hosp., 75 AD3d 1044, 1045 [2010]).  Plaintiff, however, vehemently denies that Lynch warned her of the possible complications that she experienced, averring that, despite voicing her opposition to breast implants, Lynch "was insistent that implants were necessary," ultimately compelling her to reluctantly agree to the procedure.  Plaintiff indicates that, although she signed the consent forms that were given to her prior to the procedures, Lynch failed to fully explain the risk of the complications that she sustained and that, had she been made aware of the possibility that she would lose a portion of her nipple, she would not have consented to the initial breast procedure.  As for the thigh excision, plaintiff expressly refutes the entry that Lynch made in her medical records stating that she and Lynch had "discussed fully" the potential consequences of the surgery and insists that Lynch told her that excision was the "only correct procedure" to pursue.  Marfuggi, meanwhile, opined that a person in plaintiff's position who was fully informed of the potential consequences of the thigh excision performed by Lynch would not have gone forward with it and, further, that Lynch's conduct conflicted with generally accepted standards of medical care, which require the surgeon to provide the patient with "all

relevant alternatives."  Finally, Marfuggi concluded that Lynch's failure to ensure that plaintiff's consent to the surgeries was truly informed was a dereliction of applicable professional standards of care.  As plaintiffs' evidence raised triable issues of fact as to whether there was a lack of informed consent to the procedures described herein (see Rivera v Albany Med. Ctr. Hosp., 119 AD3d at 1138), the denial of defendants' motion for summary judgment was appropriate.

Stein, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court