Whiteside v Stachecki (2020 NY Slip Op 01421)





Whiteside v Stachecki


2020 NY Slip Op 01421


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528501

[*1]Heather Whiteside, Appellant,
v
Christopher Stachecki, Respondent.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ. 


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Law Offices of Theresa J. Puleo, Albany (Murry S. Brower of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Mott, J.), entered January 11, 2019 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.
On October 12, 2015, the City of Kingston Fire Department (hereinafter the fire department) was dispatched to a woodworking shop located at 32-36 Post Street in the City of Kingston, Ulster County. There they found a small fire emitting from the floor adjacent to a table saw. 32-36 Post Street was built on a hill, and the back of the building connects to a building on 75 Broadway, forming one structure. Defendant is a shareholder of 69-75 Broadway, LLC, which owns the structure. Plaintiff leased commercial space and an apartment on the ground level of 75 Broadway. The floor of 36 Post Street was framed over the original roof of plaintiff's apartment, and defendant worked in the woodworking shop above plaintiff's apartment. Defendant used a table saw that had a dedicated outlet installed 12 inches above the floor and attached to the table saw cabinet. The saw unit had a dust collection system in place, but he had disconnected it prior to the fire. At approximately 6:00 p.m. on the evening before the fire, defendant used the table saw for approximately 10 minutes. As a result of the fire, plaintiff commenced this negligence action to recover damages for personal injuries and property damage claiming that the table saw and/or the attendant sawdust that had accumulated on the floor in proximity to, among other things, electrical cords and outlets had caused the fire. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. Plaintiff appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985] [citations omitted]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [citations omitted]).
In support of his motion for summary judgment, defendant submitted his deposition transcript, wherein he testified that, in October 2015, he was the only person to operate the table saw that was located in the center of the wood shop. Defendant testified that he used the same table saw at that location since 2006, and that the table saw has a dedicated outlet that was installed on the table saw cabinet, 12 inches above the floor. The outlet was then connected to a supply cable that went through the floor and connected to a circuit breaker panel. Defendant explained that there was a dust collection system in place but admitted he had disconnected it prior to the date of the fire for periodic maintenance. Defendant testified that, after disconnecting it, he only used the table saw for approximately 10 minutes at around 6:00 p.m. on the evening before the fire and had turned off the equipment. Defendant explained that any sawdust generated by the saw would have fallen into a contained area at the base of the cabinet.
In addition to his deposition, defendant submitted an expert affidavit by Richard Rusczyk, an engineer employed by Travelers Property and Casualty Company. Rusczyk, in a detailed affidavit, affirmatively opined to a reasonable degree of engineering certainty, that while the exact cause of the fire could not be determined, the saw, any accumulated sawdust, or the electrical wires around the table saw did not cause or contribute to the fire. With these submissions, defendant demonstrated his prima facie entitlement to summary judgment as a matter of law, as he eliminated the existence of any triable issues of fact as to whether his conduct proximately caused the fire (see Andrews v New York City Hous. Auth., 66 AD3d 619, 619 [2009]; Robertson v New York City Hous. Auth., 58 AD3d 535, 536 [2009]).
In opposition, plaintiff submitted an attorney affidavit articulating his theory of defendant's negligence, with attached unsworn reports. This is simply not enough to raise an issue of fact, as the attorney has no firsthand knowledge of the events and, as such, his affidavit is without probative value (see Webb v Albany Med. Ctr., 151 AD3d 1435, 1437 [2017]). Although unsworn reports may sometimes be considered in opposition to summary judgment, this is only allowed when they are accompanied by competent evidence, or at least an excuse for the failure to present proof in admissible form. Standing alone, such reports are insufficient to create a triable issue of fact (see Craft v Whittmarsh, 83 AD3d 1271, 1273 [2011]).[FN1]
Finally, we are unpersuaded by plaintiff's argument that she may defeat defendant's motion based wholly on circumstantial evidence. Although in some instances, "it is enough that plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744 [1986] [internal quotation marks, brackets and citation omitted]), "the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (Silva v Village Sq. of Penna, 251 AD2d 944, 945 [1998]; see Maislin Bros. Transp. v State of New York, 15 AD2d 853, 854 [1962]). Here, defendant has produced proof that affirmatively removes the saw and attendant issues as a "circumstance" that caused the fire. It is incumbent on plaintiff then to refute this proof. This she failed to do. As such, Supreme Court properly granted defendant's motion.
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Even were we to consider the reports that plaintiff submitted in opposition, we would still find that the content contained therein fails to raise a material issue of fact. The fire department's narrative report states that "[t]he main body of the fire was located between the basement and [the] first floor, and in the wood shop in the front of the building" and reaches no conclusion as to the cause. Stuart Morrison, an engineer and author of one of the reports, stated that heavy fire damage came up through the floor adjacent to the table saw and that the fire "may be related to issues with the dust collection system under the floor" (emphasis added), but inspection of the table saw failed to reveal electrical activity that would have caused the fire. Morrison also concluded that the cause of the fire was undetermined. Joseph Myers, a fire investigator who also investigated the fire and provided a second unsworn investigation report, opined that the fire originated in the floor below the table saw, but the exact cause was undetermined, as there was no evidence of an ignition source or adverse activity from the table saw. None of the reports refutes Rusczyk's affidavit.