Cole v Chun (2020 NY Slip Op 03834)





Cole v Chun


2020 NY Slip Op 03834


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

528822

[*1]William Cole, Respondent,
v
Adam Chun et al., Appellants, et al., Defendants.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Burke Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio), for appellants.
Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered February 12, 2019 in Ulster County, which, among other things, denied a motion by defendants Adam Chun, Robert A. Eden and Cornea Consultants of Albany, PLLC for summary judgment dismissing the complaint against them.
In June 2011, plaintiff began treatment with defendant Robert A. Eden, an ophthalmologist employed by defendant Cornea Consultants of Albany, PLLC, for a change in his vision and a small white spot in his left eye. Eden ultimately suggested that plaintiff undergo a full thickness corneal transplant of his left eye. Eden performed the procedure in August 2011 and, in doing so, placed sutures within plaintiff's left eye that would later require removal. Eden began removing the sutures in January 2012, and defendant Adam Chun, a first-year ophthalmology fellow employed by Cornea Consultants, removed additional sutures in July 2012 but had difficulty doing so, which resulted in Chun "tugging" on plaintiff's eye. According to plaintiff, Eden then "came in, looked at it, just pulled the stitch a little bit and cut it close to his eye and said 'we don't want strings hanging out, because they can cause infection.'"
While at work two weeks later, plaintiff began to feel pressure in his left eye and thereafter lost vision in that eye. Plaintiff called Cornea Consultants for an antibiotic prescription and was advised instead to go to the hospital. Plaintiff presented to defendant Albany Medical Center and was given pressure-reducing eye drops and told to present to Cornea Consultants the following morning. Upon examination the following morning, Chun and Eden observed a cornea ulcer, loose stitches, an area of significant epithelial defect and a corneal melt in plaintiff's left eye. They attempted to remove sutures in plaintiff's transplant to reduce intraocular pressure; however, there was a "dehiscence" or opening of the wound, fluid was leaking out of the eye and the transplant appeared infected. Later that day, the transplant "fell apart" requiring an emergency corneal transplant. A bandaged contact lens was placed on plaintiff's left eye during the surgery, which was later removed by another ophthalmologist who determined that plaintiff had a retinal detachment and would not see again. Plaintiff remains without visual acuity in his left eye and operates with light perception only.
Plaintiff subsequently commenced this action against Chun, Eden and Cornea Consultants (hereinafter collectively referred to as Cornea Consultants), as well as against Albany Medical Center and defendant Albany Medical College (hereinafter collectively referred to as Albany Medical), asserting causes of action for lack of informed consent and medical malpractice. Cornea Consultants and Albany Medical subsequently moved for summary judgment dismissing the complaint against them. Supreme Court granted Albany Medical's motion in its entirety, but denied the motion made by Cornea Consultants, finding issues of fact as to both the lack of informed consent and medical malpractice causes of action.[FN1] Cornea Consultants appeals.
Cornea Consultants failed to establish that it was entitled to summary judgment dismissing the claims against it. With regard to the lack of informed consent claim, Cornea Consultants contends that Supreme Court erred in denying its motion because plaintiff failed to particularize his lack of informed consent in his bill of particulars and only alleges that he should have received antibiotics after the suture removal. "In order to establish a prima facie entitlement to judgment as a matter of law, defendants [are] required to tender sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (Rivera v Albany Med. Ctr. Hosp., 119 AD3d 1135, 1136 [2014] [internal quotation marks, brackets and citation omitted]; see CPLR 3212 [b]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]; Dunham v Ketco, Inc., 135 AD3d 1032, 1033 [2016]). "To establish a cause of action to recover damages [for medical malpractice] based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Gilmore v Mihail, 174 AD3d 686, 688 [2019] [internal quotation marks and citations omitted]; see Khosrova v Westermann, 109 AD3d 965, 966 [2013]; Cole v Tischler, 68 AD3d 1595, 1596 [2009]). "The third element is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury" (Gilmore v Mihail, 174 AD3d at 688 [internal quotation marks and citations omitted]; see Amodio v Wolpert, 52 AD3d 1078, 1080 [2008]; Santilli v CHP Inc., 274 AD2d 905, 907 [2000]).
In support of its motion seeking dismissal of the cause of action based upon lack of informed consent, Cornea Consultants submitted, among other things, deposition testimony from plaintiff and Eden. At his deposition, when asked if he had an understanding that infection was a potential risk of eye surgery, plaintiff responded, "I did not." Eden's testimony, which did not contradict plaintiff's narrative, reflected that, although he testified to the general advice that he gives to patients prior to surgery regarding the risk of infection and rejection in a corneal transplant procedure, he did not state that he informed plaintiff of the risks involved in a suture removal or the possibility of infection and its consequences during that procedure. In short, although Eden described his usual procedure of informing patients about the transplant surgery and attendant risks, his testimony failed to establish that the information he provides to patients in general, or to plaintiff in particular, was of the same breadth and depth that a reasonable person, informed as plaintiff allegedly was, would have elected to continue with the surgery (see Rivera v Albany Med. Ctr. Hosp., 119 AD3d at 1138; Santilli v CHP Inc., 274 AD2d at 907). We further reject Cornea Consultants' argument that plaintiff's bill of particulars fails to sufficiently particularize his lack of informed consent claim. Cornea Consultants' own submissions thus fail to eliminate triable issues of fact, and its motion for summary judgment dismissing the cause of action for lack of informed consent was therefore properly denied (see Conto v Lynch, 122 AD3d 1136, 1138-1139 [2014]; Rivera v Albany Med. Ctr. Hosp., 119 AD3d at 1138; Santilli v CHP Inc., 274 AD2d at 907).
In challenging Supreme Court's denial of its motion for summary judgment dismissing the medical malpractice claim against them, Cornea Consultants does not dispute that a triable issue of fact exists as to whether it deviated from accepted medical practice. Instead, Cornea Consultants argues that plaintiff's proof has not demonstrated the existence of a triable issue of fact that such alleged deviation was the proximate cause of his injuries. "As the proponent of the motion for summary judgment, [Cornea Consultants] bore the initial burden of establishing that [it] did not deviate from the accepted standards of practice in treating [plaintiff] or, if [it] did so, that such deviation was not the proximate cause of [plaintiff's] injuries" (Furman v DeSimone, 180 AD3d 1310, 1311 [2020] [citations omitted]; see Gallagher v Cayuga Med. Ctr., 151 AD3d 1349, 1351 [2017]). "If a prima facie case is established, the burden then shifts to plaintiff[] to come forward with proof demonstrating [Cornea Consultants'] deviation from accepted medical practice and that such alleged deviation was the proximate cause of [plaintiff's] injuries" (Furman v DeSimone, 180 AD3d at 1311 [citations omitted]; see Yerich v Bassett Healthcare Network, 176 AD3d 1359, 1361 [2019]).
In support of its motion, Cornea Consultants submitted, among other things, the expert affirmation of Robert Cykiert, an ophthalmologist with a sub-specialty in corneas and corneal transplant surgery. Cykiert opined, within a reasonable degree of medical certainty, that "there is absolutely no proximate cause between the alleged departures of . . . Chun and Eden and the injuries alleged by [plaintiff]." Specifically, Cykiert opined that "[i]t is not a departure from any standard of care to remove sutures, such as were present in [plaintiff's] left eye, without the use of antibiotics." Based on these assertions, we find that Cornea Consultants established its prima facie entitlement to judgment as a matter of law that its actions were not the proximate cause of plaintiff's injuries.
To rebut Cornea Consultants' prima facie showing of entitlement to summary judgment dismissing the medical malpractice claim, plaintiff submitted the expert affidavit of Betty Klein, an ophthalmologist who specializes in medical and surgical diseases of the retina and macula. Klein opined, "within a reasonable degree of medical certainty, that [Cornea Consultants] deviated from good and accepted ophthalmological practice by discharging [plaintiff] on July 31, 2012 without the necessary antibiotics. Due to this failure, an infection developed and compromised [plaintiff's] left eye to a point where he is now completely blind in that eye." We find that, when "[v]iewing the evidence in a light most favorable to plaintiff" (Dugan v Troy Pediatrics, LLP, 105 AD3d 1188, 1192 [2013]), plaintiff's expert affidavit raises a question of fact as to whether Cornea Consultants' alleged deviation from acceptable medical practice proximately caused plaintiff's injuries (see Furman v DeSimone, 180 AD3d at 1312-1313; Yerich v Bassett Healthcare Network, 176 AD3d at 1361; Fuller v Aberdale, 130 AD3d 1277, 1285 [2015]; Conto v Lynch, 122 AD3d at 1138 [2014]). Accordingly, Supreme Court's denial of Cornea Consultants' motion for summary judgment seeking dismissal of the medical malpractice claim was appropriate.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: We reject Cornea Consultants' contention that the complaint should be dismissed based upon the doctrine of law of the case in light of the dismissal of that portion of plaintiff's complaint brought against Albany Medical. The doctrine of law of the case "applies only to courts of co-ordinate jurisdiction, and not on appeal" (Kraemer v McGowan, 89 AD2d 763, 764 [1982]).