Myers v Home Energy Performance by Halco (2020 NY Slip Op 06324)





Myers v Home Energy Performance by Halco


2020 NY Slip Op 06324


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529524

[*1]George Myers et al., Respondents,
v
Home Energy Performance by Halco et al., Appellants.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Sugarman Law Firm, LLP, Syracuse (Cory J. Schoonmaker of counsel), for appellants.
Williamson, Clune & Stevens, Ithaca (John H. Hanrahan 3d of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (McBride, J.), entered June 4, 2019 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.
In May 2014, plaintiffs contracted with defendants to install a geothermal heating system at their home. On October 1, 2014, in preparation for the installation, defendants excavated trenches on the property, including the area where the system was to be connected to the home. The depth of the trench in that area was approximately three feet deep, and the trench was located adjacent to two propane tanks that serviced the home. The propane tanks had been filled two days before work began and placed on top of concrete blocks directly adjacent to the back of the house. Later that afternoon, plaintiff George Myers went into the backyard to photograph the excavation work that had been done. After taking some photographs, Myers jumped across the three-foot trench to return to the house and, in doing so, he placed his hand on one of the propane tanks. The tank then toppled into the trench, falling directly on top of Myers, and ruptured, resulting in Myers sustaining severe burns.
Thereafter, Myers and his spouse, derivatively, commenced this negligence action alleging, among other things, that in excavating in the area of the propane tanks, defendants disconnected the gas lines, rendering the tanks unsecure. Following joinder of issue, defendants moved for summary judgment dismissing the complaint, asserting that any excavation work did not disrupt or disconnect the propane tanks and that Myers' own conduct in jumping over the trench and grabbing the top of the tank was the sole cause of his injuries. Plaintiffs opposed the motion alleging, among other things, that defendants excavated the area directly adjacent to where the propane tanks were located, thereby weakening the foundation underneath the tanks and creating the dangerous condition that caused Myers' injuries. Supreme Court denied defendants' motion, finding that, although defendants had established a prima facie entitlement to summary judgment, plaintiffs had established two material issues of fact — whether defendants had caused the propane tanks to be left in a dangerous condition and whether the condition of the moved soil or Myers' own intervening act was the proximate cause of his injuries.
Defendants contend that the proof establishes that their conduct was not the proximate cause of the accident and that Myers' actions leading to the accident were unforeseeable and, therefore, Supreme Court erred in denying their motion for summary judgment. A contractor who fails to exercise reasonable care in the performance of its duties, thereby creating an unsafe or dangerous condition, owes a duty of care to persons who may foreseeably be injured (see Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]; Kohl v Green, 235 AD2d 671, 671 [1997], lv dismissed 89 NY2d 1025 [1997]). The alleged negligent conduct must be shown to be "a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; see Rosenbaum v Camps Rov Tov, 285 AD2d 894, 895 [2001]). However, an intervening act of the plaintiff can be a superseding cause, so as to break the causal nexus, where the plaintiff's intervening act "is of such an extraordinary nature or so attenuates [the] defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]). "When an intervening act also contributes to the plaintiff's injuries, 'liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence'" (Boltax v Joy Day Camp, 67 NY2d 617, 619 [1986], quoting Derdiarian v Felix Contr. Corp., 51 NY2d at 315).
"In order to establish a prima facie entitlement to judgment as a matter of law, defendants are required to tender sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (Cole v Chun, 185 AD3d 1183, 1185 [2020] [internal quotation marks, brackets and citations omitted]; see CPLR 3212 [b]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Whiteside v Stachecki, 180 AD3d 1291, 1292 [2020] [citations omitted]). On such a motion, we "must view the evidence in the light most favorable to the nonmoving party and accord such party the benefit of every reasonable inference that can be drawn therefrom" (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1210 [2020] [internal quotation marks and citation omitted]; see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]).
In support of their motion, defendants submitted, among other things, the deposition testimony of Myers, who testified that he jumped over the trench because it was an easy jump and right at his door. According to Myers, he put his hand on the tank to steady himself a little, and not to use the tank for support to jump. Myers acknowledged that the only cause for the tank tipping over was that he jumped while putting his hand on it at the same time. The deposition testimony of Harry Hodge, defendants' geothermal project manager, was also submitted in support of the motion. Hodge testified that the proximity between the excavation and the location of the propane tanks was perfectly acceptable. We find that these submissions eliminated the existence of any triable issue of fact as to whether defendants' conduct proximately caused Myers' injuries, thus demonstrating their entitlement to summary judgment as a matter of law (see Cole v Chun, 185 AD3d at 1187; Whiteside v Stachecki, 180 AD3d at 1293).
To rebut defendants' prima facie showing of entitlement to summary judgment, plaintiffs submitted Myers' deposition transcript, wherein he testified that "these tanks were on an uneven, unbalanced, precarious foundation, and had been put in that position because of [defendants] excavating around them on two sides." Plaintiffs also submitted an affidavit from Greg Dende, a public engineer, who stated that "[t]he most common rule used by contractors and engineers is the 1-1.5, or even 1-2 ratio of separation between the depth to which you are excavating and the distance from the edge of the excavation that any object may be placed." He opined that "[h]aving an object any closer to an excavation, in particular propane tanks weighing approximately 170 pounds each[,] results in the soil being incapable of supporting the load of the propane tank above it, and the support deteriorates, and eventually gives way." Dende concluded that "appropriate site preparation work by [defendants] should have had the propane tanks moved well away from the excavation site" and that "[defendants'] work created an unsafe site and [was] in violation of generally accepted engineering and construction standards." Viewing this evidence in a light most favorable to plaintiffs, we find that plaintiffs raised triable issues of fact as to whether defendants caused the tanks to be left in a dangerous condition and whether the condition of the moved soil proximately caused Myers' injuries (see Altman v Shaw, 184 AD3d 995, 999-1000 [2020]; Reed v New York State Elec. & Gas Corp., 183 AD3d at 1212; Kraft v Loso, 154 AD3d 1265, 1266-1267 [2017]). Accordingly, Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. To the extent that we have not expressly addressed any of defendants' remaining contentions, they are either academic in light of our decision or have been considered and found to be without merit.
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.