■ HARRY CASSELBERRY et al., Respondents, v PAUL S. DOMINICK, Respondent, and UNITED AUTO WORKERS LOCAL No. 897, Appellant.—Order unanimously reversed on the law without costs and defendant's motion granted, in accordance with the following memorandum: United Auto Workers Local No. 897 appeals from an order which denied its motion for summary judgment dismissing the complaint and cross claim

in plaintiffs' action under the Dram Shop Act (General Obligations Law § 11-101). The complaint alleges that plaintiffs were injured in an accident with defendant Dominick as a result of the local's providing beer to Dominick, a union member, at a "Sports Night" banquet at its union hall. The local argues that the court should have granted its motion because it established that it had not engaged in a commercial sale of alcohol. We agree.

The Dram Shop Act applies only to commercial sales of alcohol, i.e., "direct sales of alcohol" "for profit" *(D'Amico v Christie,* 71 NY2d 76, 83-84). The facts in this case are indistinguishable from those found insufficient to support a Dram Shop claim by the *D'Amico* court. Like the defendant in *D'Amico,* the local is not engaged in the sale of alcohol for profit and did not plan its "Sports Night" banquet in order to make a profit. The local purchased the alcohol from membership dues and ticket sales. It did not make any "direct" sales of alcohol, and there is no evidence that the provision of alcohol resulted in a pecuniary gain. On the contrary, the balance sheet submitted by the local in support of the motion establishes that the event resulted in a substantial deficit. Finally, beer was available on a self-service basis. "The availability of beer to [those] who had chipped in to buy their own food and beverages * * * cannot be considered a commercial sale of alcohol within the Dram Shop Act" *(D'Amico v Christie, supra,* at 84). (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present— Denman, J. P., Green, Pine, Lawton and Davis, JJ.