■ ANDREW E. CASIMIRO, Individually and as Administrator of the Estate of ROSEMARIE CASIMIRO, Deceased, Appellant, v CHRIS S. THAYER et al., Defendants, and CHARLEEN BOWMAN, Individually and Doing Business as OSWEGO PLAZA LIQUORS, Respondent. [645 NYS2d 243] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant Charleen Bowman, individually and doing business as Oswego Plaza Liquors, for summary judgment dismissing the complaint against her. Bowman is not liable under the Dram Shop Act (General Obligations Law § 11-101) because she did not sell alcohol to defendant Chris S. Thayer, the alleged tortfeasor, or unlawfully assist in procuring alcohol for him (*see, D'Amico v Christie,* 71 NY2d 76, 83; *Casselberry v Dominick,* 143 AD2d 528, *lv denied* 73 NY2d 706). The doctrine of respondeat superior does not apply because Thayer, Bowman's employee, was acting outside the scope of his employment when the accident occurred (*see generally, Lundberg v State of New York,* 25 NY2d 467, *rearg denied* 26 NY2d 883). Although plaintiff raised an issue of fact whether Thayer was acting within the scope of his employment while at Steven Duffy's house, the accident occurred after Thayer had left Duffy's house and was traveling to his sister-in-law's house to order pizza. Because that was strictly a personal errand not necessitated by Thayer's employment, Bowman cannot be held vicariously liable for Thayer's alleged negligence (*see, Swartzlander v Forms-Rite Bus. Forms & Print Serv.,* 174 AD2d 971, *affd* 78 NY2d 1060; *see also, Torelli v City of New York,* 176 AD2d 119, 123, *lv denied* 79 NY2d 754). (Ap-

peal from Order and Judgment of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.