■ ANDREW BRITT et al., Appellants, v PHARMACOLOGIC PET SERVICES, INC., Respondent, et al., Defendant. [828 NYS2d 630]—

Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered October 17, 2005 in Albany County, which partially granted the motion of defendant Pharmacologic PET Services, Inc. for summary judgment dismissing the complaint against it.

On September 21, 2001, defendant Dennis Bridges drove home from work in a minivan owned by his employer, defendant Pharmacologic PET Services, Inc. (hereinafter PPS). At nearly midnight that day, after using the minivan extensively for purely personal and, at times, illegal purposes, Bridges collided with a police car driven by plaintiff Andrew Britt, who sustained personal injuries in the collision. As a result of these events, Bridges, who had a felony criminal record, was convicted of assault, reckless endangerment and receiving stolen property. Also, Britt and his wife commenced this action against Bridges and PPS to recover damages for his injuries. As against PPS, plaintiffs alleged liability premised upon, among other things, Vehicle and Traffic Law § 388 (1). Relying in part on the testimony of Bridges and his PPS supervisor, Ernesto Samuel, that he did not have permission to make personal use of the minivan after driving it to his home, PPS moved for summary judgment dismissing plaintiffs' claims. Supreme Court granted PPS's motion as to the issue of permissive use. Plaintiffs appeal and we affirm.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who operates it with the

owner's permission. This statute also creates a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence showing that the operation was without permission (see *Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Bernard v Mumuni*, 22 AD3d 186, 187 [2005], *affd* 6 NY3d 881 [2006]; *Leonard v Karlewicz*, 215 AD2d 973, 974 [1995]). Uncontradicted statements by both the vehicle's owner and its driver that the driver was operating the vehicle without the owner's permission will constitute substantial evidence that rebuts the presumption and, in most circumstances, entitles the owner to summary judgment (see *Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 177 [2006]; *Padilla v Felson*, 28 AD3d 530, 531 [2006]). However, even if the presumption is rebutted, the issue of consent should go to a jury "where there is evidence suggesting implausibility, collusion or implied permission" (*Country-Wide Ins. Co. v National R.R. Passenger Corp., supra* at 178).

Here, PPS presented testimony of both Bridges and Samuel disavowing permission to Bridges to use its minivan for any personal purpose other than to drive back and forth to work. Samuel testified that Bridges, who had been in PPS's employ for only three weeks, had permission only to use the minivan to travel to his home after work and back again. Bridges testified that he understood this to mean that he was to drive the minivan to his home, park it and make no further personal use of it until it was time to return to work. Neither of them has contradicted this testimony. In opposition, plaintiffs attempted to raise a question of fact as to the scope of the permission granted to Bridges by citing inconsistencies between his testimony and that of Samuel as to collateral matters, and by submitting the affidavits of two former employees who state that other drivers had been permitted to make personal use of PPS vehicles. They also allege collusion between Bridges and Samuel to help PPS avoid liability. A review of this evidence, however, reveals nothing more than speculation as to implausibility, collusion or implied permission.

No competent evidence suggests that the disavowals by Bridges and Samuel were implausible or that broader permission was implied. In an attempt to expand the scope of the consent given to Bridges, plaintiffs cite the affidavits of Edward Helgert and his son, who heard Samuel give permission to Bridges to take the van home on the day in question. Although the Helgerts both assert that they were routinely allowed to take their PPS vans home and Helgert states that company

policy did not preclude drivers from using PPS vans "on their personal time," neither one claims that any past permitted use included activities other than driving from work to the driver's home and back again. Further, while Helgert states that he was aware that Bridges had made personal use of a PPS van on a prior occasion, he does not state whether that meant anything more than using the van to get back and forth to work. Also unavailing is Helgert's account of prior personal use of PPS minivans by Samuel, a supervisor and part owner of PPS. Such use sheds no light on what Bridges was permitted to do, which is our sole concern here.

As for collusion, Bridges was no longer an employee of PPS and was serving a lengthy prison term when he denied having permission. There is no evidence that he was coerced to make this disavowal or had any financial incentive to do so. Also, even though Samuel allegedly told some PPS employees that he would have to report the minivan as stolen to avoid being sued, there is no evidence that he falsely reported Bridges' use as unauthorized or that Bridges' use of the minivan after returning home was, in fact, authorized.

Despite showing inconsistencies and issues of fact and credibility as to collateral matters, plaintiffs failed to raise a material question of fact as to whether Bridges's operation of the minivan exceeded the time, place and purpose of the use permitted by PPS (*see St. Andrassy v Mooney*, 262 NY 368, 372-373 [1933]). Accordingly, we find no error in Supreme Court's determination.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.