■ GERALD A. MENARD et al., Respondents-Appellants, v MORRIS FEINBERG, Respondent, and JEROME J. DESNYDER, Appellant. [875 NYS2d 309]—

Peters, J. Appeals from an order of the Supreme Court (Dawson, J.), entered January 31, 2008 in Clinton County, which denied defendant Jerome J. DeSnyder's motion for summary judgment dismissing the complaint against him and granted defendant Morris Feinberg's motion for summary judgment dismissing the complaint against him.

In February 2003, plaintiff Gerald A. Menard (hereinafter plaintiff) sought treatment for swelling of the gums in the upper left portion of his mouth from defendant Jerome J. DeSnyder, his dentist of over 30 years. Following an oral examination and X ray of that portion of plaintiff's mouth, DeSnyder repaired tooth No. 14. When plaintiff presented to DeSnyder's office in April 2003, again complaining of swelling in the same region, an X ray was taken which revealed bone damage around the root of tooth No. 12. As a result, DeSnyder determined that root canal therapy was needed on tooth No. 12 and referred plaintiff to defendant Morris Feinberg to perform the procedure. Feinberg performed the root canal the following day and prepared tooth No. 12 for DeSnyder to use a post and core in setting a crown. Feinberg thereafter saw plaintiff on two more occasions, the first for a follow-up for the root canal ap-

proximately two weeks after the procedure and the second in May 2003 relating to pain in the upper left quadrant of plaintiff's mouth. On both occasions, Feinberg found no clinical signs of infection of tooth No. 12, but X rays taken during the May visit revealed deep decay on teeth Nos. 15 and 16, which led Feinberg to recommend that these teeth be extracted. In July 2003, DeSnyder prepared and seated the crown on tooth No. 12 without the use of a post.

According to plaintiff's dental records, DeSnyder did not see plaintiff again with respect to tooth No. 12 until April 2004, when plaintiff complained of soreness in that tooth. Upon examining plaintiff, DeSnyder found that the gingival tissue at teeth Nos. 12 and 13 was puffy and inflamed, and an X ray revealed that the root canal on tooth No. 12 was fine but that there was evidence of possible decay on that tooth. No further treatment was ordered at that time. Plaintiff called DeSnyder's office in June 2004 and advised that the swelling around tooth No. 12 was spreading. DeSnyder saw plaintiff the following day and referred him to an endodontist, who referred him to a periodontist because the crown margin appeared open, and this could allow plaque to enter the crown and cause inflamation. The periodontist found a fracture associated with the root of tooth No. 12 and extracted the tooth. Following this extraction, plaintiff's pain ceased.

Thereafter, plaintiff and his wife, derivatively, commenced separate actions against DeSnyder and Feinberg for dental malpractice which were subsequently consolidated by order of Supreme Court. Following joinder of issue, Feinberg and DeSnyder each moved for summary judgment dismissing the complaint. Supreme Court granted Feinberg's motion for summary judgment, but denied DeSnyder's motion. DeSnyder now appeals from so much of the order as denied his summary judgment motion and plaintiffs appeal from that part of the order as granted Feinberg's motion.

As the proponents of the respective motions for summary judgment in this dental malpractice action, Feinberg and DeSnyder "bore the initial burden of establishing that there was no departure from accepted standards of practice or that plaintiff was not injured thereby" (*Amodio v Wolpert*, 52 AD3d 1078, 1079 [2008]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). They did so here by submitting their deposition testimony, as well as that of plaintiff, portions of plaintiff's dental records and their factually specific affidavits concluding that their treatment of plaintiff was at all times within the accepted standards of dental care (*see Suib v Keller*, 6 AD3d 805,

806 [2004]; *Horth v Mansur*, 243 AD2d 1041, 1042 [1997]). The burden then shifted to plaintiffs to "establish[ ] a departure from accepted [dental] practice, as well as a nexus between the alleged malpractice and plaintiff's injury" (*Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 917 [2000], *lv denied* 95 NY2d 751 [2000]; *accord Snyder v Simon*, 49 AD3d 954, 956 [2008]).

In this respect, plaintiffs submitted the affidavits of their dental expert, John Dodes. As to the treatment provided by Feinberg, Dodes opined that Feinberg should have conducted a more thorough examination of plaintiff prior to performing the root canal, rather than simply performing the procedure at DeSnyder's request. More specifically, Dodes stated that a careful evaluation and additional X rays would have revealed a myriad of problems with other teeth in the upper left quadrant of plaintiff's mouth, any or all of which could have been the cause of plaintiff's pain, and opined that a different approach, such as performing a root canal on tooth No. 14 and extracting teeth Nos. 15 and 16, "may" have alleviated plaintiff's pain without the need to perform the root canal on tooth No. 12. Critically absent from Dodes' affidavit, however, is any indication that the root canal that Feinberg performed on tooth No. 12 was unnecessary or a definitive statement that the problems associated with the other teeth were the actual cause of plaintiff's pain. In fact, the evidence in the record is to the contrary, since plaintiff himself stated in his deposition that his pain ceased after tooth No. 12 was extracted. As Dodes' allegations of malpractice in this regard are "based on speculation [and] unsupported by competent evidence, [they] are insufficient to meet plaintiff[s'] burden and defeat summary judgment" (*Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990, 991 [2003]; *see Bell v Ellis Hosp.*, 50 AD3d 1240, 1242 [2008]). Furthermore, although Dodes also opined that the root canal should have been conducted in two sittings, he did not explain how this failure contributed to plaintiff's suffering.\* Accordingly, Supreme Court appropriately granted Feinberg's motion for summary judgment.

With respect to DeSnyder, we agree with Supreme Court's conclusion that Dodes' affidavit sufficiently created a triable issue of fact as to DeSnyder's malpractice. Dodes opined that DeSnyder deviated from the acceptable standard of care in fitting the crown on tooth No. 12, in that he failed to install a post and core and did not attach the crown to a healthy portion of the tooth. Dodes further opined that the improper setting

---

\* Additionally, Dodes' statements that Feinberg failed to review plaintiff's dental records prior to performing the root canal and should have recommended extraction of teeth Nos. 15 and 16 are contradicted by the record.

"ma[de] the crown act like a fulcrum exerting pressure on the tooth" and was, within a reasonable degree of medical certainty, the cause of plaintiff's tooth fracture, which ultimately required extraction of the tooth. As Dodes' affidavit adequately set forth the manner in which DeSnyder deviated from the standard of care and the causal nexus between the malpractice and plaintiff's injury, it was sufficient to defeat DeSnyder's summary judgment motion.

Additionally, we reject DeSnyder's contention that summary judgment is warranted because his decision to fit the crown without the use of a post was an "error in judgment," for which liability cannot ensue (*see generally Nestorowich v Ricotta*, 97 NY2d 393, 398-400 [2002]). DeSnyder neither stated nor presented any evidence that the setting of the crown without a post was a medically acceptable alternative under the circumstances presented (*see id.* at 399; *Martin v Lattimore Rd. Surgicenter*, 281 AD2d 866, 866-867 [2001]), and factual issues exist as to whether his decision not to use a post and core was the product of a careful examination of plaintiff following the root canal (*see Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437, 439 [2002]; *Pigno v Bunim*, 43 AD2d 718, 719 [1973], *affd* 35 NY2d 841 [1974]).

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.