■ Lisa Sepesi, an Infant, by her Mother and Guardian, Denise Sepesi, et al., Respondents, v Alicia Watson et al., Appellants, et al., Defendants. [2 NYS3d 638]—

Rose, J. Appeal from an order of the Supreme Court (Becker, J.), entered March 29, 2013 in Delaware County, which denied motions by defendants Alicia Watson, Aaron Watson and Alan Mottoshiskie for, among other things, summary judgment dismissing the complaint against them.

Plaintiff Lisa Sepesi (hereinafter plaintiff) was a passenger on an all terrain vehicle (hereinafter ATV) traveling on a public roadway when it collided with a vehicle owned by defendant Aaron Watson and operated by defendant Alicia Watson. The ATV was owned by defendant Alan Mottoshiskie and operated by defendant Aaron McCullough. Plaintiff and her mother commenced this action to recover for her injuries and, after joinder of issue and discovery, the Watsons and Mottoshiskie moved for summary judgment dismissing the complaint against them. Supreme Court denied the motions, finding issues of fact as to whether Alicia Watson operated her vehicle negligently and whether McCullough operated the ATV with Mottoshiskie's permission. The Watsons and Mottoshiskie appeal, and we affirm.

The Watsons acknowledge that the versions of the accident described by Alicia Watson and her passenger differ sharply

from the descriptions provided by plaintiff and McCullough. Nevertheless, the Watsons argue that they have eliminated all questions of fact because their expert opines that the accident could not have occurred in the manner claimed by plaintiff and McCullough. We are not persuaded. The expert relied, in part, on the Watsons' sharply disputed version of the facts, as well as an inspection of the scene of the accident nearly five years after it occurred. The expert acknowledges that improvements were made to the roadway after the accident, yet he does not adequately explain how these changes may have affected his opinion. The expert also bases his conclusions on photographs of the accident scene taken by Aaron Watson, but these photographs are not included in the record. Given the participants' sharply different accounts of the accident and the less than conclusive expert opinion, Supreme Court properly denied the Watsons' motion (*see Romano v Stanley*, 90 NY2d 444, 451 [1997]; *Jones v G & I Homes, Inc.*, 86 AD3d 786, 788-789 [2011]; *Morrison v Flintosh*, 163 AD2d 646, 647-648 [1990]).

Supreme Court also properly found issues of fact as to whether McCullough's operation of the ATV at the time of the accident was with Mottoshiskie's implied permission. As relevant here, Vehicle and Traffic Law § 2411 imposes liability on an owner of an ATV for personal injury caused by any person using or operating the ATV with express or implied permission. The parties do not dispute that Vehicle and Traffic Law § 2411 gives rise to a presumption of permission that may be rebutted only by substantial evidence to the contrary (*see e.g. Leotta v Plessinger*, 8 NY2d 449, 461 [1960]; *Britt v Pharmacologic PET Servs., Inc.*, 36 AD3d 1039, 1039-1040 [2007], *lv dismissed* 9 NY3d 831 [2007]; *Bost v Thomas*, 275 AD2d 513, 514 [2000]). Mottoshiskie attempted to rebut the presumption with his testimony that he imposed two restrictions on the use of the ATV on the day of the accident, namely, that only his grandson could operate it and that the grandson must stay on trails that Mottoshiskie owned or had the right to use. Mottoshiskie also testified that he had previously told his grandson that he was not allowed to drive the ATV on a public roadway. The grandson, who submitted an affidavit corroborating the existence of these restrictions, initially operated the ATV with McCullough as his passenger while plaintiff operated her sister's ATV. When plaintiff crashed her sister's ATV into a tree, the grandson determined that the group should travel, via public roadway, to a friend's nearby house in hopes that the damaged ATV could be repaired. As the most experienced rider, the grandson drove the damaged ATV while McCullough, at the grandson's direction, followed with plaintiff as his passenger on Mottoshiskie's

ATV. The collision with Alice Watson occurred as the group, with the grandson in the lead, was returning to the trails via the public roadway. McCullough testified that he was aware that Mottoshiskie had previously restricted the use of the ATV to the grandson and the trails, but when he asked the grandson on this occasion if they were allowed to drive the ATVs on the public roadway, he was told "don't worry about it" and that "we're going to be okay."

Although Mottoshiskie and his grandson both confirm that the restrictions regarding where the ATV could be operated had been imposed, when the "the disavowals are arguably suspect, as where there is evidence suggesting implausibility, collusion or implied permission, the issue of consent should go to a jury" (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]; *accord Markham v Schmieder*, 114 AD3d 1251, 1252 [2014]; *see Britt v Pharmacologic PET Servs., Inc.*, 36 AD3d at 1040). Here, the testimony of Mottoshiskie is self-interested and his grandson—who is not a party—has no interest of his own in contradicting his grandfather's position. Under these circumstances, we are persuaded that the grandson's alleged directions and assurances to McCullough could imply, when viewed in the light most favorable to plaintiffs, that Mottoshiskie's restrictions were flexible and had been lifted under the circumstances. Accordingly, the issue of implied permission should be determined by a jury (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d at 178; *Matter of Eagle Ins. Co. v Lucia*, 33 AD3d 552, 554-555 [2006]).

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur. Ordered that the order is affirmed, with costs.