Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered December 28, 2016. The order, inter alia, granted the motion of defendant Santo Heating and Air Conditioning, Inc., for summary judgment dismissing the complaint against it and denied the cross motion of plaintiff for partial summary judgment on the issue of liability.
 

 It is hereby ordered that the order so appealed from is modified on the law by denying the motion of defendant Santo Heating and Air Conditioning, Inc. and reinstating the complaint against it and as modified the order is affirmed without costs.
 

 Memorandum: Plaintiff suffered injuries when her car was struck by a vehicle driven by defendant John A. Lisconish on December 9, 2011. Defendant Santo Heating and Air Conditioning, Inc. (Santo) employed Lisconish and owned the vehicle that he was driving at the time of the accident. Plaintiff thereafter commenced this negligence action against defendants. Supreme Court, inter alia, granted Santo’s motion for summary judgment dismissing the complaint against it and denied plaintiff’s cross motion for partial summary judgment on the issue of liability, determining as a matter of law that Santo had no respondeat superior liability for Lisconish’s negligence in connection with the accident and that Lisconish was not a permissive user of Santo’s vehicle at the time thereof. Plaintiff appeals, and we now modify the order by denying Santo’s motion and reinstating the complaint against it.
 

 Initially, the court properly determined, as a matter of law, that Santo had no respondeat superior liability for Lisconish’s negligence in connection with the accident. “Under the doctrine of respondeat superior, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his [or her] employment” (Lundberg v State of New York, 25 NY2d 467, 470 [1969], rearg denied 26 NY2d 883 [1970]). “An act is within the scope of employment when it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment . . . , or where the act has the purpose to further the employer’s interest, or to carry out duties incumbent upon the employee in furthering the employer’s business ... In contrast, where an employee’s actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment” (Perez v City of New York, 79 AD3d 835, 836 [2d Dept 2010] [internal quotation marks omitted]; see Beauchamp v City of New York, 3 AD3d 465, 466 [2d Dept 2004]). Here, it is undisputed that, at the time of the accident, Lisconish was driving to his girlfriend’s house after having completed his last work appointment, received permission from his supervisor to leave for the day, purchased beer at a convenience store, and stopped at numerous bars along the way to drink alcohol. Indeed, Lisconish even acknowledged that he was driving on back roads at the time of the accident in order to avoid law enforcement. As such, Lisconish was not acting in the scope of his employment at the time of the accident, and Santo accordingly bears no re-spondeat superior liability in connection therewith (see Marino v City of New York, 95 AD3d 840, 841 [2d Dept 2012]; Casimiro v Thayer, 229 AD2d 958, 958 [4th Dept 1996]). Because Lisconish was not acting in the scope of his employment at the time of the accident, plaintiff’s “reliance on the dual purpose doctrine is misplaced” (Figura v Frasier, 144 AD3d 1586, 1588 [4th Dept 2016], lv denied 28 NY3d 914 [2017]).
 

 On the other hand, the court improperly determined, as a matter of law, that Lisconish was not a permissive user of Santo’s vehicle at the time of the accident. “It is well settled that Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner’s permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary” (Liberty Mut. Ins. Co. v General Ace. Ins. Co., 277 AD2d 981, 981-982 [4th Dept 2000] [internal quotation marks omitted])- Even in the case of substantial evidence to the contrary, the issue of implied permission is ordinarily a question of fact for a jury (see Britt v Pharmacologic PET Servs., Inc., 36 AD3d 1039, 1040 [3d Dept 2007], lv dismissed 9 NY3d 831 [2007], citing Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 178 [2006]; see e.g. Lawrence v Myles, 221 AD2d 913, 914 [4th Dept 1995]; Wynn v Middleton, 184 AD2d 1019, 1020 [4th Dept 1992]; Ryder v Cue Car Rental, 32 AD2d 143, 146-147 [4th Dept 1969]). The Court of Appeals in Country-Wide went so far as to state that “uncontradicted statements of both the owner and the driver that the driver was operating the vehicle without the owner’s permission will not necessarily warrant a court in awarding summary judgment for the owner” (6 NY3d at 177; see e.g. Talat v Thompson, 47 AD3d 705, 705-706 [2d Dept 2008]; Murphy v Carnesi, 30 AD3d 570, 571-572 [2d Dept 2006]; Mandelbaum v United States, 251 F2d 748, 750-752 [2d Cir 1958]).
 

 Here, Lisconish directly contradicted Santo’s claim that Lisconish did not have permission to use the vehicle for non-work-related purposes. Unlike the dissent, we decline to ascribe dispositive significance to a written policy regarding non-work-related usage of its vehicles that Santo allegedly distributed to its employees on December 1, 2011. Indeed, Lisconish testified at his deposition that, even after the purported adoption of the written policy, it remained his understanding—based upon his prior experience and Santo’s acquiescence—that he continued to have permission to use the van, as he always had, for non-work-related transportation. This conflicting evidence alone raises a triable issue of fact as to permissive use (see e.g. Bernard v Mumuni, 22 AD3d 186, 187-188 [1st Dept 2005], affd 6 NY3d 881 [2006]; Tobares v Colin Serv. Sys., 197 AD2d 571, 572 [2d Dept 1993]).
 

 In sum, given the strong statutory presumption of permissive use as well as the conflicting evidence in the record regarding Santo’s policies and its adherence thereto, the issue of Lisconish’s permissive use must be resolved at trial (see Marino, 95 AD3d at 841). The court therefore properly denied the cross motion, but erred in granting Santo’s motion for summary judgment dismissing the complaint against it.
 

 All concur except Peradotto and Curran, JJ., who dissent in part and vote to affirm in the following memorandum: We agree with our colleagues that defendant Santo Heating and Air Conditioning, Inc. (Santo) cannot be held vicariously liable for the actions of defendant John A. Lisconish under the doctrine of respondeat superior. Santo met its burden on its motion for summary judgment dismissing the complaint against it of establishing as a matter of law that, at the time of the accident, Lisconish was not acting within the scope of his employment and, thus, Santo was not exercising any control over his activities (see Lundberg v State of New York, 25 NY2d 467, 470-471 [1969], rearg denied 26 NY2d 883 [1970]). In opposition, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We disagree with the majority, however, that Supreme Court erred in determining as a matter of law that Lisconish was not a permissive user of Santo’s vehicle at the time of the accident. In our view, the court properly granted the motion inasmuch as Santo submitted substantial evidence sufficient to rebut the statutory presumption set forth in Vehicle and Traffic Law § 388 (1). For that reason, we respectfully dissent.
 

 “It is well settled that Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner’s permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary” (Liberty Mut. Ins. Co. v General Acc. Ins. Co., 277 AD2d 981, 981-982 [4th Dept 2000] [internal quotation marks omitted]). Here, Santo effectively-rebutted the presumption through the submission of a set of written employee rules, which had been put in place eight days before the accident. Santo held a mandatory employee meeting at which the employees were given the new rules. In addition, a consultant spoke to the employees at the meeting about the new rules, which prohibited the “ [unauthorized use of company property or vehicles for anything other than company activities,” “[operating any company vehicles or equipment while under the influence of drugs or alcohol” and “ [w] orking under the influence of drugs or alcohol.” Lisconish signed the new rules and certified that he had read and understood them and Santo’s policies.
 

 Lisconish further testified at his deposition that he believed that he had Santo’s implied consent to use the vehicle for personal reasons, but we note that his subjective belief was based entirely on instances that took place prior to the implementation of the new employee rules. It is well settled that “an at-will employment relationship and the frequent contact between an employee and employer demand compliance with restrictions on vehicle operation placed on the employee. As a result of this relationship, it is reasonable for an employer to expect employees to comply with its use restrictions” (Murdza v Zimmerman, 99 NY2d 375, 381 [2003]). Therefore, after the policy was put in place, Lisconish was expected to abide by it. Moreover, Lisconish does not allege that Santo gave him consent on the day of the accident to use the vehicle for personal reasons.
 

 Lisconish also testified at his deposition that he knew that, at all times during his employment, he was prohibited from operating the Santo vehicle after consuming alcohol. Lisconish nevertheless used Santo’s vehicle to facilitate his bar-hopping and binge-drinking across a substantial portion of New York State, rendering himself so intoxicated that he did not recall the circumstances of the accident. Thereafter, Lisconish failed to report the accident to Santo until questioned about it a week later, thus evidencing his guilty knowledge that he did not have his employer’s permission to use the vehicle for non-work-related activities during the relevant time period (see id. at 382 n 4).
 

 For the above reasons, we conclude that Santo cannot be held liable for Lisconish’s negligence on the day of the accident, and we would therefore affirm the order granting its motion for summary judgment dismissing the complaint against it.
 

 Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.