Williams v J. Luke Constr. Co., LLC (2019 NY Slip Op 03431)





Williams v J. Luke Constr. Co., LLC


2019 NY Slip Op 03431


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527369

[*1]DEANNA WILLIAMS et al., Respondents,
v
J. LUKE CONSTRUCTION CO., LLC, et al., Defendants, and J. LUKE CONSTRUCTION, INC., et al., Appellants.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Marshall Dennehey Warner Coleman & Goggin, PC, Rye Brook (Steven B. Saal of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh (Kenneth B. Fromson of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered August 28, 2018 in Albany County, which, among other things, partially denied a motion by defendants J. Luke Construction Co., LLC, J. Luke Construction, Inc. and John Hodorowski for summary judgment dismissing the complaint against them.
Plaintiff Deanna Williams was allegedly injured when her vehicle was hit head-on by a truck driven by defendant James I. Price. At the time, Price was driving to a job site in a company vehicle owned by defendant J. Luke Construction Co., LLC (hereinafter J. Luke, LLC). To recover for injuries related to the accident, and apparently not knowing exactly who owned the truck or employed Price, Williams and her husband, derivatively, commenced this action against J. Luke, LLC, defendant J. Luke Construction, Inc. (hereinafter J. Luke, Inc.) and defendant John Hodorowski — an owner of J. Luke, LLC — (hereinafter collectively referred to as defendants), as well as Price [FN1]. In connection with the accident, Price was arrested for driving while intoxicated [*2]and vehicular assault in the second degree, convicted of the vehicular assault count and sentenced to prison for 1 to 3 years. After he failed to answer or appear in this action, plaintiffs successfully moved for a default judgment against Price on the issue of liability. Defendants moved for summary judgment dismissing the complaint against them, asserting, among other things, that Price was not a permissive user of the vehicle and not under their control at the time of the accident. Supreme Court partially granted the motion, dismissing all claims against Hodorowski and the claims of negligent hiring and retention against J. Luke, but denying the motion as to the remaining claims based on vicarious liability. J. Luke, Inc. and Hodorowski appeal.[FN2]
Supreme Court did not err in partially denying defendants' summary judgment motion. Plaintiffs alleged that defendants were vicariously liable for Price's actions based on both the permissive use statute and the doctrine of respondeat superior. The relevant statute provides that "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner" (Vehicle and Traffic Law § 388 [1]). "Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who operates it with the owner's permission . . . [and] creates a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence showing that the operation was without permission" (Britt v Pharmacologic PET Servs., Inc., 36 AD3d 1039, 1039-1040 [2007] [citations omitted], lv dismissed 9 NY3d 831 [2007]; see Murdza v Zimmerman, 99 NY2d 375, 380 [2003] [though rebuttable, "a logical inference of lawful operation with the owner's consent may be drawn from the possession of the operator"]).
An owner may place limitations on a driver's permission to use a vehicle, such as granting consent to drive only to a particular area or for a specific purpose, and use outside the scope of permission negates the owner's liability under the statute (see Walls v Zuvic, 113 AD2d 936, 936 [1985], lv denied 67 NY2d 602 [1986]). For example, the Court of Appeals has noted that an owner may be exonerated from liability where his or her permission was conditioned on driving in a particular locality only or upon instructions not to allow any riders and an accident occurred after the breach of such restriction (see Murdza v Zimmerman, 99 NY2d at 380; Leotta v Plessinger, 8 NY2d 449, 461 [1960]). Thus, an owner may avoid liability under the statute if the driver "exceeded the time, place and purpose of the use permitted by [the owner]" (Britt v Pharmacologic PET Servs., Inc., 36 AD3d at 1041). "These type restrictions are, of course, to be distinguished from limiting instructions which relate to the manner of operation, such as the speeding or careless pilotage of the car. In this latter situation the owner is still held accountable. However, even where the owner may escape liability, it is unquestionable that, unless the evidence adduced has no merit whatsoever, the question of consent and authority is for the jury" (Leotta v Plessinger, 8 NY2d at 461 [internal citations omitted]; see Arcara v Moresse, 258 NY 211, 214 [1932]; Cooperman v Ferrentino, 37 AD2d 474, 477 [1971] [noting that "the condition of careful driving, though disobeyed, does not affect the issue of permission"]).
In their motion, defendants argued that permission for Price to drive the company vehicle was restricted by company policies prohibiting possession or use of drugs or alcohol on company business or property, limiting use of company vehicles to business purposes and prohibiting an employee from reporting to work under the influence of alcohol. They submitted written copies of such policies. They also submitted testimony indicating that company policy prohibited [*3]driving a company vehicle while intoxicated, but no such written policy appears in the record [FN3]. Although "[a]n unambiguous and unequivocal agreement restricting authorization to use a vehicle negates an owner's liability for an accident occurring subsequent to a breach of the restriction[, m]ore often than not, a question of fact arises as to whether the presumption has been rebutted" (Rooney v Myers, 132 AD2d 839, 840 [1987] [internal quotation marks, brackets and citation omitted], lv denied 70 NY2d 612 [1987]; see Morris v Palmier Oil Co., 94 AD2d 911, 911 [1983]). The policies in the record do not qualify as an unambiguous agreement restricting permissive use of company vehicles by J. Luke employees. In any event, the requirement to drive sober relates more closely to the manner of operation, or how to drive, rather than a restriction on who may operate the vehicle and when and where they may do so (compare Britt v Pharmacologic PET Servs., Inc., 36 AD3d at 1040-1041). As defendants did not establish, as a matter of law, that Price was driving without permission at the time of the accident, they were not entitled to summary judgment on the Vehicle and Traffic Law § 388 claim (see Baker v Lisconish, 156 AD3d 1324, 1326-1327 [2017], appeal dismissed 31 NY3d 1042 [2018]).
The record also contains a question of fact as to whether Price was within the scope of his employment at the time of the accident, which could render J. Luke vicariously liable under the doctrine of respondeat superior. That doctrine "renders an employer vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (Burlarley v Wal-Mart Stores, Inc., 75 AD3d 955, 956 [2010] [internal quotation marks and citation omitted]; see Riviello v Waldron, 47 NY2d 297, 302-303 [1979]). "While the general rule is that an employee is not acting within the scope of his [or her] employment in traveling to and from work, even though he [or she] uses a motor vehicle furnished and owned by his [or her] employer to do so, if it is shown that the employer has some special interest or derives some special benefit from his [or her] employee's use of the automobile in going to and from work, then a finding that the employee is acting within the scope of his [or her] employment is justified" (Fitzgerald v Lyons, 39 AD2d 473, 475 [1972] [citations omitted]). Whether an employee was acting within the scope of employment generally presents a question of fact for a jury to decide (see Riviello v Waldron, 47 NY2d at 303; Burlarley v Wal-Mart Stores, Inc., 75 AD3d at 956).
The evidence submitted by defendants in support of their motion failed to eliminate such a triable question of fact. Hodorowski terminated Price's employment for violating company rules prohibiting use of alcohol and driving a company vehicle while intoxicated, indicating the employer's belief that Price was not properly acting on behalf of the company. On the other hand, Price testified that J. Luke gave him a vehicle to use for business purposes, including traveling from home to work, and at the time of the accident he was driving to a job site to begin work for the day. J. Luke arguably derived a benefit from Price's ability to take the vehicle home because the truck contained a tool box for work tools, he used the truck to transport supplies to job sites from home improvement stores, the truck advertised the business by displaying the company name and logo, and he worked at construction job sites rather than a main office, so permitting him to take the vehicle home saved him from having to use work time to pick the company truck up and drop it off at a central location each day (compare Matos v Depalma Enters., 160 AD2d 1163, 1164 [1990]). Hodorowski testified that he knew Price would be going to the job site to work that morning and, except for his intoxication, there was nothing inappropriate about Price using the company vehicle to drive from his home to a job site. Based on this evidence, defendants failed to establish their entitlement to summary judgment, as there was a factual question regarding whether Price was acting within the scope of his employment at the time of the accident (compare Baker v Lisconish, 156 AD3d at 1325-1326; Stevens v Kellar, 112 AD3d 1206, 1208-1209 [2013]).
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: We note that defendants were jointly represented in Supreme Court and J. Luke, LLC and J. Luke, Inc. are referred to collectively or interchangeably throughout the record and in the parties' briefs. Defendants' joint answer admits that J. Luke, LLC is the registered owner of the company vehicle and denies that J. Luke, Inc. or Hodorowski owned, leased or had title to that vehicle. Interestingly, Hodorowski testified at his deposition that he is an owner of J. Luke, LLC but is unfamiliar with J. Luke, Inc. The record does not definitively reveal whether J. Luke, Inc. exists as a legal entity and, if so, how it operates in relation to J. Luke, LLC. Based on the record and the way the parties treat those two defendants, we will refer to them collectively as J. Luke.

Footnote 2: Hodorowski prevailed when Supreme Court dismissed all claims against him. As he is not an aggrieved party, he may not appeal (see CPLR 5511; Matter of Dolomite Prods., Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017]). Considering how the parties generally treat J. Luke, Inc. as interchangeable with J. Luke, LLC and, as noted in footnote 1, the open question as to whether J. Luke, Inc. exists, we are perplexed by the absence of J. Luke, LLC as an appealing party.

Footnote 3: Plaintiffs argue that the record lacks any admissible proof that Price was intoxicated. Although, at his deposition, Price denied being intoxicated at the time of the accident, his conviction of vehicular assault in the second degree constitutes evidence that he was legally intoxicated at that time (see Penal Law § 120.03 [1]).