Matter of Progressive Specialty Ins. Co. (Travelers Prop. Cas. Co. of Am.) (2021 NY Slip Op 07598)





Matter of Progressive Specialty Ins. Co. (Travelers Prop. Cas. Co. of Am.)


2021 NY Slip Op 07598


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

532682
[*1]In the Matter of the Arbitration between Progressive Specialty Insurance Company, Respondent, and Sarah E. Florkiewicz et al., Respondents, and Travelers Property Casualty Company of America et al., Appellants.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Law Offices of John Wallace, Syracuse (John F. Pfeifer of counsel), for appellants.
Law Offices of Jennifer S. Adams, New York City (Michael A. Zarkower of counsel) and Burke, Scolamiero & Hurd, LLP, Albany, for Progressive Specialty Insurance Company, respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered December 7, 2020 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
On May 25, 2019, respondent Isaiah M. Nichols was involved in a motor vehicle accident with vehicles operated by respondents Noorullah Osmani and Sarah E. Florkiewicz. At the time of the accident, Nichols was the assistant manager of Monroe Muffler Brake, Inc. and was operating a truck owned by Monro. The accident took place outside of regular business hours, and Nichols did not have the express permission of Monro to operate the truck at that time or place, nor did Nichols carry his own policy of auto insurance. Monro's insurer for the truck, respondent Travelers Property Casualty Company of America (hereinafter Travelers), disclaimed insurance coverage for any claims that would be brought against Nichols, stating that he did not have Monro's permission to operate the truck at the time of the accident, and denied any liability on the part of Monro. Florkiewicz then brought an uninsured motorist claim against petitioner, her insurance carrier, which then commenced this proceeding to stay any uninsured motorist arbitration, objecting to Travelers' disclaimer of coverage. All parties except Nichols entered into a stipulation to submit to a framed issue hearing regarding permissive use of the truck. After such hearing, Supreme Court granted petitioner's application, finding that Nichols had implied permissive use of the truck under the presumption of consent set forth in Vehicle and Traffic Law § 388, such presumption had not been rebutted and, therefore, the truck was insured under Monro's policy with Travelers. Travelers and Monro (hereinafter collectively referred to as respondents) appeal. We reverse.
Under Vehicle and Traffic Law § 388 (1), the negligence of the operator of a motor vehicle may be imputed to the owner of the vehicle who "operat[ed] the same with the permission, express or implied, of such owner" (see Williams v J. Luke Constr. Co. LLC, 172 AD3d 1509, 1510 [2019]; Britt v Pharmacologic PET Servs., Inc., 36 AD3d 1039, 1039-1040 [2007], lv dismissed 9 NY3d 831 [2007]; Greater N.Y. Mut. Ins. Co. v Clark, 205 AD2d 857, 858 [1994], lv denied 84 NY2d 807 [1994]). The statute "creates a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence showing that the operation was without permission" (Williams v J. Luke Constr. Co., 172 AD3d at 1510-1511 [internal quotation marks and citations omitted]; Britt v Pharmacologic PET Services, Inc., 36 AD3d at 1040; see New York Cent. Mut. Fire Ins. Co. v Nationwide Mut. Ins. Co., 307 AD2d 449, 450 [2003]).
We find that respondents rebutted the presumption of permissive use. Michael Kio, Monro's store manager and Nichols' superior, testified that he advised Nichols on more than one occasion of [*2]the company's longstanding policy proscribing an employee's personal use of company vehicles, including the truck. Nichols acknowledged to Kio that he was aware and understood this policy and that he did not have permission to operate the truck for personal use or use outside of business hours, and that it was to be used for store business only. As Nichols stated in his written submission to Supreme Court, "I knew I was not supposed to be driving the company truck off company time." The statements of Kio and Nichols regarding company policy and their understanding of that policy proscribing personal use stand uncontradicted. "Uncontradicted statements by both the vehicle's owner and its driver that the driver was operating the vehicle without the owner's permission will constitute substantial evidence that rebuts the presumption" (Britt v Pharmacologic PET Servs., Inc., 36 AD3d at 1040 [citation omitted]; see County-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 177-178 [2006]; State Farm Fire & Cas. Co. v Sajewski, 150 AD3d 1297, 1298 [2017]).
Here, Kio went a step further and took steps to prevent permissive use by reiterating to Nichols that he could not use the truck for personal use, after hours, and, at one point, removing the fuel pump fuse to the truck, which rendered it inoperable for a time. Petitioner claims in opposition to respondents' evidence that Kio's testimony that he had suspected that Nichols may have used the truck outside of business hours and that Nichols likely replaced the fuel pump fuse gives credence to the suspicion of personal use. However, said contention is mere supposition, at best. Kio emphasized that he never actually saw Nichols driving the vehicle other than on company business. With respect to the basis for Kio's prior suspicions — i.e., his observation, when he arrived in the morning, that the truck was in Monro's parking lot outside of the garage where it was stored overnight — Nichols had a business reason to so move the truck. Moreover, such use is a far cry from Nichols' driving the truck after business hours and miles from the Monro store, as he did on the night of the accident. In our view, such mere suspicion is insufficient to overcome the evidence presented through Kio's and Nichols' unrefuted testimony negating the presumption of permissive use. In short, respondents adduced sufficient evidence to demonstrate that Monro, through Kio, did not expressly or impliedly consent to Nichol's after hours and personal use of the truck and thus they overcame the presumption of consent to operate. Accordingly, there is a valid uninsured motorist claim and Supreme Court should have denied petitioner's application to stay arbitration.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and application denied.