Humphries v Walsh (2025 NY Slip Op 51606(U))

[*1]

Humphries v Walsh

2025 NY Slip Op 51606(U)

Decided on October 10, 2025

Supreme Court, Saratoga County

Kupferman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025
Supreme Court, Saratoga County

Dawn Humphries,

against
James Walsh, D.D.S. and GREGORY DODD, D.D.S., Defendants.

Index No. EF20231739

MARC C. KOKOSA, ESQ.
Attorney for Plaintiff
240 Washington Avenue Extension, Suite 504
Albany, New York 12203
SHAWN F. BROUSSEAU, ESQ.
NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP
Attorney for Defendant Gregory Dodd, D.D.S.
296 Washington Avenue Extension, Suite 3
Albany, New York 12203

Richard A. Kupferman, J.

In this dental malpractice case, the plaintiff alleges that a piece of a drill bit broke off inside her tooth during a root canal. The plaintiff has since resolved her claims against the dentist who performed the procedure. The remainder of the case involves another dentist at the same dental practice, Defendant Dodd. While most of the claims against Dr. Dodd were dismissed on a prior summary judgment motion, the Court left open one issue in the case for the record to be developed further prior to adjudication. Now, in accordance with the prior decision, Dr. Dodd seeks to renew his prior motion and to obtain summary judgment on this last part of the case.
Background [FN1]
In September 2022, the plaintiff experienced tooth pain. She ultimately underwent a root [*2]canal. Dr. Walsh performed the first part of the procedure on October 3, 2022. He then performed the second part on November 4, 2022. The following week, the plaintiff called the dental practice complaining of pain. The plaintiff spoke to a staff member who then spoke to Dr. Dodd. According to the notes taken by this staff member, Dr. Dodd told her to call in a prescription for amoxicillin and refer the plaintiff to a specialist.
When asked generally about her recollection of the telephone call, the plaintiff explained that she complained of pain to a staff member and that the staff member said that she would follow up with Dr. Dodd. The plaintiff recalled the staff member later informing her about the prescription for amoxicillin. During this general questioning, the plaintiff did not discuss or mention a referral. When later asked more specifically about whether she was provided with "any referral to an endodontist or oral surgeon," the plaintiff responded, "I don't remember."
Dr. Dodd testified at his deposition that he recommended that the plaintiff visit a specialist and have a CBCT scan/x-ray (Cone Beam Computed Tomography), which required a machine that his office did not have at the time. He further testified that he spoke with the Root Canal Experts (referred to in the dental records as "RCE") and that he obtained their agreement to provide the plaintiff with the CBCT scan/x-ray and a consultation at no charge. 
After the telephone call, the plaintiff's tooth began feeling better at some point. At the time, she thought maybe it just needed an adjustment or something. The plaintiff later met with Dr. Walsh twice in December 2022. She also met with Dr. Dodd that same month. A few days later, the plaintiff visited another dentist, Dr. O'Brien, at a different dental practice. At that visit, Dr. O'Brien extracted the plaintiff's tooth and discovered a small drill bit inside the tooth.
While the plaintiff does not allege in this action that Dr. Dodd had any involvement in the procedures that resulted in the drill bit breaking off in her tooth, she asserts that he committed malpractice for other reasons. As relevant here, the plaintiff has alleged in her complaint that Dr. Dodd acted negligently by improperly treating her complaints of pain and "simply [prescribing] . . . antibiotics." Similarly, the plaintiff has further alleged in her bill of particulars that Dr. Dodd "ignored [her] claims of pain and simply prescribed antibiotics."
After discovery was completed, Dr. Dodd sought summary judgment pursuant to CPLR 3212. In support of the motion, Dr. Dodd submitted deposition transcripts from the plaintiff, Dr. Walsh, and himself; the dental records; and an expert affirmation from a board-certified endodontist, among other things. In opposition, the plaintiff submitted an affidavit from herself, the same deposition transcripts and dental records relied upon by Dr. Dodd, a photocopy of an x-ray, and photographs, among other things. The plaintiff did not submit an expert affirmation. Rather, the plaintiff challenged the factual basis for the opinions made by Dr. Dodd's expert. 
In its decision, the Court dismissed most of the claims against Dr. Dodd. The Court, however, left open a small portion of the case against Dr. Dodd based on a statement made by the plaintiff in her affidavit that she was not provided with the referral referenced in the dental records. Although this statement was vague and contradicted the plaintiff's prior deposition testimony, the Court nonetheless found that it warranted the enlargement of the record to consider an affidavit from the staff member who allegedly informed the plaintiff about the referral. The Court further granted Dr. Dodd permission to renew his motion if he could obtain the affidavit or provide a reasonable excuse for its absence.
The Motion to Renew
In response to this Court's prior decision, Dr. Dodd obtained an affidavit from the staff member and sought to renew his motion. The affidavit is consistent with Dr. Dodd's testimony [*3]and the dental records. The staff member avers that Dr. Dodd told her to refer the plaintiff to the root canal experts and that she advised the plaintiff of the referral. The staff member further avers that she made the notes in the dental records. 
In response, the plaintiff has submitted a more detailed affirmation from herself. She again denies receiving the referral. She has also provided a detailed explanation for the inconsistency in her prior testimony. She explains that she was confused by the questioning and therefore answered incorrectly. She asserts that she did not know who or what constituted an "endodontist" or "oral surgeon" and that the references to these terms during the questioning confused her. She also asserts that her recollection has improved and that she has been able to recall additional facts after reviewing Dr. Dodd's testimony.
Analysis
As the proponent of the motion for summary judgment in this dental malpractice action, Dr. Dodd "bore the initial burden of establishing that there was no departure from accepted standards of practice or that plaintiff was not injured thereby" (Menard v Feinberg, 60 AD3d 1135, 1136 [3d Dept 2009]; see Cho-Bodnar v Adirondack Maxillofacial Surgery, 215 AD3d 1101, 1102-1103 [3d Dept 2023]; 9 Bender's Forms of Pleading § 136.01 [2025]). As with the other claims against him, Dr. Dodd did so here by submitting his deposition testimony, as well as that of the plaintiff, the dental records, and a factually specific affirmation from a qualified expert concluding that Dr. Dodd's treatment of the plaintiff was within the accepted standards of dental care. This proof was sufficient for Dr. Dodd to satisfy his initial burden on the dental malpractice claim (see e.g. Fuller v Aberdale, 130 AD3d 1277, 1280-1283 [3d Dept 2015]).
Where the initial burden is satisfied, the burden then shifts to the plaintiff to submit evidentiary facts or materials to "establish issues of fact as to a departure from accepted dental practice and a nexus between the malpractice and injuries alleged" (Cho-Bodnar, 215 AD3d at 1104-1105 [internal quotation marks and citations omitted]; see CPLR 3212; Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]; Menard, 60 AD3d at 1137). General allegations of dental malpractice, merely conclusory and unsupported by competent evidence, are insufficient to defeat the motion (see Alvarez, 68 NY2d at 325).
In opposition to the motion, the plaintiff again disputes that she received the referral. She again uses this purported dispute as a basis to challenge the evidentiary foundation of the opinions made by Dr. Dodd's expert. She further contends that the expert's opinions are inadequate to support a summary judgment award because the expert's opinions assume that Dr. Dodd made the referral, which is now in dispute (see e.g. Stiso v Berlin, 176 AD3d 888, 890 [2d Dept 2019]; Kubera v Bartholomew, 167 AD3d 1477, 1480 [4th Dept 2018]; Sepesi v Watson, 124 AD3d 1021, 1022 [3d Dept 2015]). She also reasons, based on the standard of care articulated by Dr. Dodd's expert, that if the referral was not provided, as she contends, then Dr. Dodd must have deviated from the standard of care.[FN2]

The Court found it unnecessary in the prior decision to address these contentions given that the plaintiff's statement on this issue was vague and contradicted her prior testimony without explaining the reason for the inconsistency (see e.g. Valenti v Exxon Mobil Corp., 50 AD3d [*4]1382, 1384 [3d Dept 2008]). The plaintiff's affirmation submitted in opposition to the renewal motion, however, contains more detail and explains the reason for the inconsistency. In addition, the change is not unreasonable given that the plaintiff was the first witness to be deposed and was asked very limited questioning about this referral. There is also no evidence that she was afforded the opportunity during discovery to change her deposition answers, as permitted under CPLR 3116. Based on these circumstances, the Court will not preclude the plaintiff from changing her testimony (see e.g. Sutin v Pawlus, 105 AD3d 1293, 1295 [3d Dept 2013]). 
Further, in considering this issue, the Court disagrees with Dr. Dodd that the plaintiff is improperly seeking to "raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars for the first time in opposition to a motion for summary judgment" (Fasce v Catskill Regional Med. Ctr., 209 AD3d 1138, 1139 [3d Dept 2022] [internal quotation marks and citation omitted]). Although the complaint and bill of particulars does not contain this specific allegation, the plaintiff nonetheless alleged that Dr. Dodd improperly responded to her complaints of pain and "simply prescribed antibiotics." This language was sufficient to provide adequate notice that the plaintiff's theory of malpractice could include an allegation that Dr. Dodd failed to provide a referral. As such, the Court declines Dr. Dodd's request to preclude the plaintiff from raising this issue in opposition to the motion (see Henderson v Takemoto, 223 AD3d 996, 1001 [3d Dept 2024]; Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724 [2d Dept 2023]; see also Lindquist v County of Schoharie, 126 AD3d 1096, 1097-1098 [3d Dept 2015]). 
Notwithstanding, the plaintiff could have and should have disputed this fact earlier. Instead, she remained silent and failed to timely interject this issue into the case prior to the motion. In fact, she asserted under oath during her deposition that she did not remember whether she received a referral. She then failed to supplement this response prior to filing a note of issue. Considering this procedural setting, Dr. Dodd, in meeting his initial burden, was entitled to rely on the evidence that a referral was provided to the plaintiff, which was an undisputed fact when he made his motion. In opposition, the plaintiff therefore could not satisfy her burden by merely disputing this fact for the first time in this case. 
Here, the plaintiff has failed to tender sufficient evidence to support her dental malpractice claim. The staff member's affidavit (new evidence from Dr. Dodd) does not provide any support. The plaintiff has also not submitted any expert proof of her own, which is ordinarily required to establish a prima facie case of malpractice (see Mosberg v Elahi, 80 NY2d 941, 942 [1992]; Alvarez, 68 NY2d at 327; Koster v Davenport, 142 AD3d 966 [2d Dept 2016]; Webb v Scanlon, 133 AD3d 1385 [4th Dept 2015]; Conti v Albany Medical Center Hosp., 159 AD2d 772 [3d Dept 1990]; 3 Warren's Negligence in the New York Courts § 68.13 [Bender 2025]; 76 NY Jur Malpractice § 370 [2d ed. 2025]).
Rather, the plaintiff improperly challenges Dr. Dodd's expert proof as deficient based on the change in her own testimony about the referral. Putting aside the fact that this expert did not opine that Dr. Dodd committed any malpractice, it would be speculative to assume that the expert's opinions would have been the same if the plaintiff had disputed this fact earlier. Nevertheless, even if this expert would have rendered the same opinions, the plaintiff did not dispute this fact earlier in the litigation and may not now compel the expert to provide his expert opinions at a trial in support of her claim (see People ex rel. Kraushaar Bros. & Co. v Thorpe, 296 NY 223 [1947]; 2 Bender's New York Evidence § 137.04 [2025]; 9 New York Civil [*5]Practice: CPLR P 4512.07 [Bender 2025]). As such, the expert's opinions are irrelevant for the purpose of establishing the merit of the plaintiff's claim and cannot be relied upon to create a triable issue of fact. 
Moreover, the Court rejects the plaintiff's contention that other facts exist in the record to support her position that she was never provided with the referral. While some of these other facts may raise an eyebrow (e.g., the alleged failure to provide records to the specialist to review at the time of the referral), they do not create a permissible inference that the referral was never provided. Again, the dental notes and the deposition testimony indicate that the referral was provided. The staff member's affidavit further confirms this. There is simply nothing in the record to support a contrary finding aside from the plaintiff's own self-serving statement made for the first time in opposition to the summary judgment motion.
Accordingly, the motion is granted.
It is therefore,
ORDERED, that the motion of the Defendant Gregory Dodd, D.D.S. (Motion No. 3), seeking to renew his summary judgment motion and to obtain summary judgment in his favor, is hereby GRANTED; and it is further
ORDERED, that the remaining claims asserted against Dr. Dodd are hereby DISMISSED.
This shall constitute the Decision and Order of the Court. The Court is hereby uploading the original decision into the NYSCEF system for filing and entry by the County Clerk. The Court further directs the parties to serve notice of entry in accordance with the Local Protocols for Electronic Filing for Saratoga County.
So-Ordered.
Dated: October 10, 2025
at Ballston Spa, New York
HON. RICHARD A. KUPFERMAN
Justice Supreme Court
Papers Considered:
NYSCEF Doc. Nos.: 101-110 (Motion Papers). Also, Nos. 1, 3, 36-65, 92-93, 95 & 98.

Footnotes

Footnote 1:For a more detailed
summary of the facts, see Humphries v Walsh, 2025 NY Misc LEXIS 3985 (Sup Ct, Saratoga County 2025).

Footnote 2:According to Dr. Dodd's expert, the standard of care requires general dentists to recognize their limitations and refer patients to specialists when necessary. The expert further opines that Dr. Dodd satisfied this obligation by recommending that the plaintiff visit a specialist.